Lipscomb, J.
The only points presented by the .record in this ease, dee,mod oí sufficient importance to be discussed by us, arise on the exception to (lie charge of the judge on the trial in the court below, and the ruling- out of the receipt of Bradshaw", offered in evidence by the plaintiff.
The charge of the court excepted to is substantially as follows, i. e.: “ That “ the only legal evidence of a location sufficient to maintain the action of tres- “ pass to try"tille was some entry, memorandum, or other writing made by an “ applicant for vacant land in a memorandum, or file book, required to ho kept “by virtue of the instructions of the Commissioner of the General Land Office “ to county surveyors, a copy of which was submitted to the jury.”
The material part of the instructions referred to is: “ Each deputy will keep “a small book, in which he will note the names of persons applying' to him for “surveying, the date of the application, and, so far as possible, the precise “location of the land.” That the Commissioner of the General Land Office h.ad authority, under tire law creating his office, to prescribe the regulations cited, is conceded; and that when so prescribed they become a part of the law regulating the subject-matter to which they refer there can be no doubt.. (Peacock v. Hammond, 6 Tex. R., 544.) It is believed to be well settled that to make a valid location or entry, it should be attended with such circumstances and facts of notoriety as would furnish a person of ordinary diligence notice that the land had been located. This is the rule believed to prevail whore the mode is not particularlypointed out by express law. (Wash. C. C. R., 81; 9 Wheaton, 673; 1 Wheat., 730; 2 Wheaton, 266; 8 Peters, 75.) When the land has been surveyed'the marked lines would- give something to put a subsequent location upon. If, however, the land had been surveyed,’ but not returned to the office of the county surveyor, after a lapse of so much time, it will be presumed to have been abandoned. The locator will not be permitted to hold a preference and keep out other locators after a reasonable time for Ills survey to bo made and returned to the same office. But a verbal application only to the surveyor, conlined to the knowledge of the applicant, and the surveyor, would give no notice, and would leave it in the power of the surveyor and locator f.o commit fraud on the rights of others entitled to locate lands. It was to prevent evils of this kind and the controversy that would arise between locators from vague and undefined locations that the regulations cited were ordained by the Commissioner of the General Land Office.
By the. above regulations those wishing to locate laud had no difficulty in ascertaining whether (.lie land they might wish to locate upon had been previously located. They had only to look to the file book in the office of the surveyor. And tiffs very case demonstrates the propiiety and even the necessity of such regulations and the insufficiency of a reliance on the memory of the surveyor. The evidence of Vaneickle proves that the surveyor had forgotten the plaintiff’s designation, and when directing the survey to be made for him said “ the plaintiff wished it to be surveyed' somewhere down the river, and “that John Durst or-Lewis could say where.” We do not wish it to be understood that under no circumstances could a location be sustained by any other evidence than that to be furnished by the observance of the regulations prescribed by the Commisiouer of the General Land Office, but that the proposition contained in the charge of the court, as a general one, is true. And as applicable to the facts before the court it was true, because there is no evidence that the subsequent locator had any notice from any source whatever that the land had been previously loeated, nor that Wolf, the purchaser under him, liad notice; ancl he must therefore be regarded as having made his location and survey unaffected by the notice of any prior designation. If the plaintiff iias loot his preference, it is from his own negligence in not having his own location made in such way as would have given notice of his preference. He ought to have taken means to have it surveyed and returned to the surveyor’s office.
*209 To the argument of counsel for the appellant, that he cannot, with justice, suffer from the default of the surveyor in not making a written memorandum of the location, it may be answered that it is a well-known rule, that where a loss is to fall on one of two innocent persons, it is placed on the one who is most in fault, for not having used the necessary precautions to prevent the result. And there can be no question that the plaintiff did not use all the means in his power to prevent any misconception as to whether the laud in controversy had been designated by him. Besides his failure to furnish the evidence contemplated by the regulations cited, he was chargeable with great negligence in permitting the land he had designated to remain two or three years without being surveyed. Had he used only ordinary diligence he could have had tlio fault of the surveyor, whether it had arisen from his having forgotten the designation made by the plaintiff, or from an inattention to and disregard of the performance of his duty, corrected long before tire defendant’s location.
And it may further be said that lie is not remediless, if the fault was with the surveyor, and the law seems to have anticipated just such a ease. In the latter part of the article 1090, (I-Iart. Dig.,) will be found the following provision : “And any surveyor neglecting or refusing so to do, or failing or refusing to survey any lands the holder of a legal certificate may point out, within “a reasonable time, or surveying such lands so designated for any other per“son upon a certificate subsequently presented, shall be liable for all damages sustained by any person on account of such default,”
The conclusion we have arrived at is, that as the location sued on by Lewis neither furnished office evidence of its having been designated, nor was supported by any act of notoriety by which uotice could be presumed to advise ot-lior persons of the designation, it is not such a location as can claim a preference over a subsequent location after such lapse of time without any survey having been made and returned on it, the subsequent locator being unaffected with notice of the prior claim.
To proceed to the second point proposed to be discussed. The receipt purports to be signed by Bradshaw, as surveyor, and sets forth that he received the certificate, and the designation of the laud to he surveyed under it, and had it been such a paper as "the law required him to give when a certificate was placed in his hands to be located on laud designated by the owner of the certificate, it would have been admissible. But the law nowhere requires the surveyor to give such receipt, nor is it made evidence of a location. It appears to be a private paper, belonging to the appellant only, and it does not appear that any body else had a knowledge of its existence. In a suit between the appellant and the surveyor, under the provisions of the statute last cited, it would liave been evidence against him, but could not be received against any one else, and it was, we think, properly rejected by the court below. We believe the judgment ought to be affirmed, and it accordingly is affirmed.
Judgment affirmed.
Jüoie 77. — Williamson v. Craig, post 437; See Wyllie v. Wynne, 26 T., 42.