Lipscomb, J.
This suit has exhibited continued evidence of the most singular negligence in its prosecution from its commencement to its submission for revision in tills court. It was commenced in 1841 and permitted to linger on Hie docket, without any efforts to bring it to a trial, until 1840, when a decree and judgment were awarded against the plaintiff. Then, after, a lapse of two yf-ars, it was brought by writ of error into this court, and submitted without argument and in disregard of the rule of court requiring that briefs should bo filed. Had exceptions been taken on a motion to dismiss on account -of the writ being barred by the statute of limitation, the exception would have been sustained, and we could and perhaps ought to dismiss it on the grounds that no brief has been filed. We have, however, examined the record and can find nothing in it to authorize a reversal of the judgment. The verdict of the jury finds only two facts in the case. The first, that plaintiff filed his certificate in 1838. and designated the land, and that it was filed with a legally authorized deputy surveyor. The record does not show that any legal steps had been taken to compel a survey and return of the survey to the surveyor’s office, and it is not shown that the party making the location and survey in 1841, before the commencement of this suit, liad notice of the previous file and designation. It is not shown that the file and designation remained in the ■office, and even if it had been known to have been made, the presumption from the lapse of time would arise that the certificate had been withdrawn. “If the “sluggard will sleep upon his rights, be must not be surprised if on wakening “up'lie should find that whilst lie had slept others had acquired rights that “could not be taken from them.” The effect of such negligence in a similar caso decided on to-day is discussed and ruled (see Lewis v. Durst, ante) precisely on those grounds. We believe the judgment ought to be affirmed, and it is ruled accordingly.
Judgment affirmed.
.Note 81. — Lewis v. Durst, ante 398.