### LEE MORRIS AND WIFE V. HIRAM BRINLEE.

If a locator should so act, either from negligence or design, as to mislead an innocent person, looking out for public land to locate upon, to believe that it has not been located, or if located has been abandoned, the location of such innocent party would have priority over such first location.

See this case for circumstances under which it was held that a prior location, of which there was no evidence in the Surveyor's office, was not postponed to a subsequent location, although the latter had passed into a patent.

This case distinguished from the case of Lewis v. Durst, 10 Tex. R. 398.

Cutting up Red River district into so many districts, the confusion resulting from the transfer of business from the old to the new dstricts, and the irregularities in the offices, arising from negligence in Surveyors, must call for great liberality in sustaining the rights of prior locations.

Appeal from Bowie. Suit by appellee against appellants. One of the defendants' locations had been patented, and the testimony was, that "defendants' claims, as set out in said ex-

hibits" (include patent) "conflicted with plaintiff's claim." The plaintiff had resided on the land from 1833 to 1842, at which time he moved away, but continued to hold it by tenant.

*M. D. Rogers and S. M. Hyde*, for appellants. In this case appellants contend that appellee lost all right to the land in controversy, (if any he ever had,) by reason of the neglect of the Deputy Surveyor to return the field notes of the survey within three months from the time of making the survey, to the County Surveyor's office for the approval of the County Surveyor ; or if they were so returned, (which was not the case,) then, by reason of the neglect of the County Surveyor to examine the same and to certify to and record the same as required by law, (that is to say, if upon such examination, they were found to be correct ; and the presumption in this case is, that if they were so returned to him, he did so examine them, and found them to be incorrect, or he would have so certified to and recorded them.) The Statute, in making it the duty of the Deputy Surveyor so to return the field notes, and of the County Surveyor so to certify and record the same, and also in providing that any Surveyor, neglecting or refusing so to do, or failing or refusing to survey any lands, the holder of a legal certificate might point out, in a reasonable time, or surveying such lands, so designated, for any other person, upon a certificate subsequently presented, should be liable for all damages sustained by any person on account of such default, (Hart. Dig. Art. 1995 and 1996,) presupposes that a subsequent location and survey made upon the same land, would hold it, in case the Statute had not been complied with as above stated, in regard to the claim of the first applicant.

How could any damage be sustained by the first applicant, except it be by a loss of the land ? And what could be the object of the above requirements, unless it be thereby intended that the same should be the evidence of the applicant's claim to the land, and the only evidence that would protect his claim against that of any subsequent applicant for the same land ?

That it was intended to evidence the first applicant's claim and to give any future one notice thereof, there can be no doubt. And if it was so intended, then the mere fact of these requisitions being prescribed for that purpose by the Legislature, goes to negative the idea that any other character of evidence would be sufficient; for the expression of one thing is the exclusion of another.

This view of appellants is sustained by a decision of the Supreme Court of Louisiana, in a case presenting similar points. (Baldwin v. Stafford, 5 Mart. R. 205.)

And this view is also sustained by a decision of this Court, made in the case of Williams v. Craig, (10 Tex. R. 437.) " Where a claimant failed to cause his location to be surveyed " and returned to the District Surveyor's office, within a rea- " sonable time, it was held that the land was open to re-location " by another."

*A. Morrill, J. T. Mills and S. H. Pirkey*, for appellee.

LIPSCOMB, J. This was a suit for land founded on a location and survey of a part of a headright certificate for a league and labor, granted to the appellee, Brinlee. The record shows Brinlee's claim to the land in controversy was founded on a settlement made upon it in 1833; headright certificate issued to him 2d February, 1838, and a survey in January, 1839; before his field notes had been recorded, a difficulty arose between Byers and Brinlee, and others, about their surveys, and Brinlee was thereby prevented from perfecting his title; in that suit, appellant was made a party defendant with Brinlee; it was not decided until 5th April, 1848. (See case of this same appellant v. Byers' heirs, *supra*.) During that year Brinlee made application to Charles Graham, as District Surveyor, to have his field notes recorded, but it was not done; and in 1850, he made another application to Pirkey, Surveyor for Bowie County, and in 1851, he made a file of the unlocated balance of the certificate, and asked to have the land re-sur-

veyed upon said unlocated part of his certificate ; all of which was refused, and on the 3d day of February, 1852, he commenced this suit. The appellant's claim by virtue of a location on the same land, made with Charles Graham, as District Surveyor of Bowie County, in July, 1849, and survey made in April, 1850 by Holcomb, as deputy of Graham. A portion of the land so surveyed, had been patented to appellants. It does not appear that there was any evidence in the office of the Surveyor, of Brinlee's survey, at the time appellants made their files and had their surveys. The evidence shows an extraordinary degree of irregularity in the Surveyor's office ; no file book ; files made on loose sheets ; the books mutilated.

The principal question requiring any consideration, in our opinion, is, whether the appellee has been so negligent in not having his field notes recorded, as to create a presumption that he had abandoned his location and survey. If he has so acted as to mislead an innocent person, looking out for public land to locate upon, to believe that it was vacant and unappropriated, and it has been so located by an innocent person, it is but just punishment for his negligence, that he should lose his location. It however may be answered, in this case, that the appellants are not those innocent persons, who were honest in their search for unappropriated public land. It would be a most unreasonable conclusion, to suppose that these appellants were ignorant of the fact that appellee claimed the land as a part of his headright claim, on which he had lived so long. They not only knew of his claim, and possession, but of his location and survey, and well knew the reason why he had not been able to progress in perfecting his title ; because one of them, the husband, who was the agent in making the file for his wife, and filed his own claim, was a co-defendant in the suit that presented the obstacles to his obtaining a perfect title.

The case of Lewis v. Durst (10 Tex. R. 398) was a different case from this, in that there had been no survey, and there was no notice, either actual or constructive, to the subsequent locator, nor to his vendee. In the case under consideration, there

Morris v. Brinlee.

can be no doubt of actual notice, to the appellants ; and the long delay is sufficiently accounted for, to answer the ground of objection, that negligence and delay amounted to a presumption of abandonment.

There is nothing in the objection that the making of the file by Brinlee in 1851, of the balance of his headright, not before located, and asking a survey of the same land, was an abandonment of his first location.    It was only an effort to obtain what he had been so long contending for, the perfection of his title, and was not designed as a surrender of any previous right. The cutting up of Red River County Land District into so many others, on the formation of new counties, the confusion necessarily resulting from the transfer of business from an old land district to a new one, and the irregularity in the offices, arising from negligence in Surveyors, must call for great liberality in sustaining the rights of those who had at an early day attempted to have their titles perfected, or many of them would have their rights filched from them by the never tiring, prowling land hunter, ever ready, with certificate in his pocket, to seize upon any supposed defect of title in the first location. Such efforts to appropriate the labor of others, without paying for it, are entitled to no favor, whether regarded as a question of law or morals.    The judgment is affirmed.

Judgment affirmed.