WILLIAM PERRY v. M. A. GLASS AND OTHERS.

By the act of February 4th, 1854, entitled "an act to authorize County Courts to issue unconditional headright certificates where conditional certificates only have issued," the government intended to declare its willingness to recognize sales formerly made of conditional certificates, issued under the law of the 4th of January, 1839, as valid contracts, provided the parties chose so to regard them. Or, in other words, to declare that such sales should no longer be considered as lying under legal condemnation, leaving it to the parties to give effect to them or not, as they might choose.

The legislature did not intend by that act to declare such sales to be valid, contrary to the will of the grantee of the conditional certificate, in whom the interest conferred by the certificate remained, according to the terms of the former law. To do this would have been to transcend the just powers of the legislature.

The fourth section of the act of 1854 amounted to a repeal by the legislature of the prohibition of sales of conditional certificates, by the original grantees of such certificates, after the passage of that act; and the grantees of such certificates could sell the same after that act went into effect.

ERROR from Titus. Tried below before the Honorable W. S. Todd.

This was a suit brought by the plaintiff in error against M. A. Glass, William Conner and Alexander V. Chism, for the recovery of a tract of land surveyed by virtue of the conditional headright certificate for six hundred and forty acres of land issued to Elizabeth R. Chism, as her headright, on the 20th day of December, 1839, afterwards patented to Alexander V. Chism as assignee of said Elizabeth R. Chism, (afterwards Elizabeth R. Gooch.) The petition alleged that on the 27th day of September, 1845, said

Elizabeth R. Gooch and her husband, conveyed to John E. Chism the said tract of land, and bound herself in the penal sum of five hundred dollars to said John E., to procure for him such title from the government of Texas as she was entitled to by virtue of her headright claim to said land, so soon as the same might be legally applied for and obtained.

It was also alleged that on the same day, said John E. conveyed said tract of land to the plaintiff; that said conveyances were duly recorded in the proper office; that thereafter, on the 9th day of May, 1854, said Elizabeth R., her husband, Benj. Gooch, and Alexander V. Chism, combining to cheat and defraud petitioner, the two former conveyed to the said Alexander V. the claim of said Elizabeth R. to the said land and the unconditional certificate, with full notice of plaintiff's rights. That said Alexander V. thereafter appeared before the board of commissioners of Williamson county, and fraudulently represented himself to be the *bona fide* owner and holder of the claim of said Elizabeth to the unconditional certificate as her lawful assignee. Whereupon he procured the issuance to himself of the said unconditional certificate as the lawful assignee of said original grantee; and by means thereof, on the 16th day of May, 1854, fraudulently procured the patent for said land to be issued to himself as the assignee aforesaid; that by means of said frauds said plaintiff was prevented from applying for and obtaining the unconditional certificate and patent, as by law he was authorized to do by a compliance with the requirements of the statute.

The petition averred that by reason of the long acquiescence of said Elizabeth in her conveyance to said John E., for a valuable consideration, and the provisions of the act of February 4th, 1854, plaintiff, after the passage thereof, became the only person authorized to apply for and obtain from the government a title to said land.

The petition further alleged that said Glass and William Conner, since the issuance of the patent, had each respectively purchased from said Alexander V. three hundred and twenty acres of said tract; that they were in the occupancy of their said tracts so purchased and claimed by them, having had notice of plaintiff's

24 Y

rights before their said purchase; thereby taking and holding the same, as petitioner averred, in trust for said plaintiff.

Prayer for judgment against said Glass and Conner, for the recovery of the title and possession of the land, and damages for the use and occupation of the same, and for a decree annulling all transfers and conveyances which have been made of said unconditional certificate and patent thereon.

The general demurrer filed by the defendants to the petition was sustained, and a final judgment rendered in accordance with that ruling.

*S. F. Moseley,* for plaintiff in error.

*Johnson & Townes,* for defendants in error.

BELL, J.—The conditional certificate issued to Mrs. Elizabeth R. Chism, was issued, as it recites upon its face, "agreeably to the provisions of the act of the 4th of January, 1839," extending donations of land to emigrants.   The act of 4th of Jan., 1839, provided that no sale of a claim to land by virtue of a conditional certificate issued in accordance with its provisions, should be valid in law, or binding upon the person selling the same until an unconditional deed was obtained by the grantee.   (O. & W. Dig., Art. 246, of the repealed laws; Graham v. Henry, 17 Tex. Rep., 164.)

The sale, therefore, of the interest of Mrs. Elizabeth R. Chism, in the land located by virtue of the conditional certificate, made by her to John E. Chism, on the 27th day of September, 1845, was not valid in law, or binding on her.   But the act of the 4th of February, 1854, entitled "an act to authorize the county courts to issue unconditional headright certificates where conditional certificates only have issued," provides in its 4th section that unconditional certificates may be issued, in certain cases, to the assignees of conditional certificates issued under the act of the 4th of January, 1839.   This section provides, however, that if the party in whose right the conditional certificate issued, be dead

*Perry v. Glass.*

at the passage of the act, (4th February, 1854,) then the unconditional certificate shall only issue in the name of his heirs.

We are of opinion that by this statute of the 4th of February, 1854, the government intended to declare its willingness to recognize sales formerly made of conditional certificates issued under the law of the 4th of January, 1839, as valid contracts, provided the parties chose so to regard them; or, in other words, to declare that such sales should no longer be considered as lying under legal condemnation, leaving it to the parties to give effect to them or not, as they might choose. The legislature did not intend by the act of 1854, to declare such sales to be valid contracts contrary to the will of the grantee of the conditional certificate, in whom the interest conferred by the certificate remained, according to the terms of the former law. To do this would have been to transcend the just power of the legislature. But we think, further, that the 4th section of the act of 1854 amounted to a repeal by the legislature, of the prohibition of sales of conditional certificates by the original grantees of such certificates, after the passage of that act; and that the grantees of such certificates could sell the same after that act went into effect. This view leads us to the conclusion that the sale made by Mrs. Elizabeth R. Gooch (formerly Mrs. Chism,) and her husband, to Alexander V. Chism, on the 8th day of May, 1854, was a valid sale of her interest in the conditional certificate formerly issued to her, and passed the interest in the same to Alexander V. Chism. The demurrer was, therefore, properly sustained, and the judgment of the District Court is affirmed.

Judgment affirmed.