## HEIRS OF W. S. NEWMAN v. J. L. DALLAS, GUARDIAN.

The sale of a conditional certificate (issued under the Act of the 4th of January, 1839—Hart Dig., art. 1924,) by the grantee, passed no title under the law to the purchaser, but was inoperative and void. The case of Turner v. Hart, 10 Tex. Rep., 438, cited and approved.

The admissions of the grantee that he had made such a sale could add nothing to the legal effect of the act of sale of such a certificate; nor would the expense incurred by the purchaser in locating such a certificate and obtaining a patent raise an equity in his favor against the grantee; it might give him a claim for compensation, but nothing more.

APPEAL from Washington. Tried below before the Hon. R. E. B. Baylor.

This suit was brought by James L. Dallas, guardian of Lucinda Dallas, minor child and sole heir of Walter R. Dallas, deceased, against the heirs of William S. Newman, deceased, to perfect the title to three hundred and twenty acres of land, located by virtue of a certificate, which was alleged to have been sold to the ancestor of plaintiff by the ancestor of defendants.

On the 20th day of November, 1841, William S. Newman sold, for a good and valuable consideration, to Walter R. Dallas, his conditional headright certificate, and delivered the same to him. Walter R. Dallas located the certificate and paid the fees therefor. Lucinda Dallas obtained the patent and paid the expenses therefor. The patent was issued to the heirs of W. S. Newman. It was admitted that W. S. Newman had said that he sold the certificate to Walter R. Dallas. The deaths of the respective ancestors and the heirships of the respective parties were admitted. Jury waived. Cause submitted to the court. Judgment that the heirs of W. S. Newman be divested of the title, and that the title be vested in Lucinda Dallas. The heirs of Newman prosecuted an appeal.

*Asa Lewis*, for appellants.

*Horton* and *Ewing*, for appellee.

Newman v. Dallas.

WHEELER, C. J.  The plaintiff sought to recover the land in question by virtue of the sale by the ancestor of the defendants to the plaintiff's ancestor of the conditional certificate of the former, issued under the Act of the 4th of January, 1839, (Hart. Dig., art. 1924,) and the alleged confirmation of the sale by the vendor. But we are of opinion that the plaintiff failed to make out a case which will support the recovery.

The conditional certificate was not the subject of sale by the grantee.  (Hart. Dig., art. 1924; Turner v. Hart, 10 Tex. R., 438.)  The purchaser could acquire no right to it under the law. The sale passed nothing, and was consequently inoperative and void.  It cannot be referred to as affording any support to the title of the purchaser.  If he has acquired a title to the land it must be by reason of something done subsequently to the sale of the conditional certificate, which had the legal effect to pass the title of the grantee to the purchaser.  But nothing of a character to have that effect appears by the record.  There has been nothing done by the purchaser to raise an equity in his favor as against the grantee of the certificate, nor by the latter which could have the legal effect to pass the title.  The expense incurred by the plaintiff's ancestor or by the plaintiff in perfecting the title might give a claim to compensation, but nothing more.  The admissions of the grantee of the certificate that he had sold could add nothing to the legal effect of the act of sale.  They could not impart to it legal validity.  Possession was not taken and held under the plaintiff's location, and there is nothing in the case to warrant the court in holding that the title has been acquired by the plaintiff.

The judgment is reversed and the cause remanded.

Reversed and remanded.