ELIZABETH HEREFORD v. J. H. B. HOUSE.

Delivered May 12, 1897.

1. **Conditional Headright Certificate—Assignment—Ratification.**

An assignment of a conditional headright certificate issued under the Act of January 15, 1839, is invalid, and incapable of ratification.

2. **Same—Heirs of Holder—Patent.**

The legal as well as the equitable title to land passes to the heirs of the holder of a conditional headright certificate issued under the Act of January 5, 1839, by a patent granted after his death to such holder, his heirs, and assigns.

APPEAL from Wharton. Tried below before Hon. T. S. REESE.

*G. P. Dougherty,* for appellant.—1. The sale of a conditional land certificate issued under the Act of January 4, 1839, by the grantee of such certificate, before the issuance of the unconditional certificate, is void. 28 Am. and Eng. Encyc. of Law, p. 477; Hartl. Dig., art. 1924; Turner v. Hart, 10 Texas, 437-444; Cannon v. Vaughan, 12 Texas, 399-404; Perry v. Glass, 25 Texas, 268-372; Newman v. Dallas, 26 Texas, 642.

2. Lapse of time can not give validity to a void deed or judgment, nor

does it raise any presumption in favor of the ratification of such an instrument, because such an instrument is incapable of ratification. 28 Am. and Eng. Encyc. of Law, pp. 474-475; 1 Dev. on Deeds, sec. 17; 1 Black on Judg., sec. 170; Paul v. Willis, 69 Texas, 261; Murchison v. White, 54 Texas, 78.

3.　Where a land certificate is transferred before its location, and the certificate is afterwards located, and the patent issues to the grantee of such certificate, the patent passes the legal title to the patentee, and the assignee of the certificate acquires only an equitable title in the land. Howard v. Stubblefield, 79 Texas, 4; Hermann v. Reynolds, 52 Texas, 395; Keys v. Railway, 50 Texas, 174; Goode v. Jasper, 71 Texas, 51; Abernathy v. Stone, 81 Texas, 434.

*G. G. Kelly,* for appellee.—1.　The transfer of the conditional certificate to Lann for a valuable consideration, coupled with a power of attorney to him to obtain patent and do everything necessary to perfect the title, vested in him, not only the title to the certificate, but also vested in him or his assigns the legal as well as equitable title to the land when patent was procured.　Martin v. Parker, 26 Texas, 254; Manchaca v. Field, 62 Texas, 135; Capp v. Terry, 75 Texas, 391; Davis v. Culmell, 37 S. W. Rep., 313.

2.　If the defendant had no title to the land in controversy, plaintiff could not recover, because at the date of the death of William R. Hargrove the unconditional certificate was unlocated, and was personal property, and the title to it vested absolutely in the surviving widow, there being no children; and the patent to the land having been issued to William R. Hargrove, his heirs, or assigns, the legal title to the land descended and vested in the wife, under the law governing the descent of personalty. Porter v. Burnett, 60 Texas, 220; Barclay v. Cameron, 25 Texas, 242; Hornsby v. Bacon, 20 Texas, 557; Adams v. House, 61 Texas, 640; Saye v. Maverick, 18 Texas, 101.

NEILL, ASSOCIATE JUSTICE.—Suit of trespass to try title brought by appellant against appellee to recover 320 acres of land situated in Wharton County, and patented by virtue of W. R. Hargrove's headright certificate.　Judgment was in favor of appellee, and from it Mrs. Hereford has appealed.

*Conclusions of Fact.*—On the 7th day of June, 1841, the Board of Land Commissioners of Matagorda County issued to W. R. Hargrove a conditional headright certificate for 320 acres of land.　On January 20, 1845, W. R. Hargrove, by his deed of that date, for a consideration expressed of $20, sold and transferred said certificate to James W. Lann, and in said instrument authorized and empowered Lann to obtain patent and to take all lawful measures to perfect the same that might be required to obtain title.　This transfer is on file in the General Land Office, and it is ad-

mitted that the signature to the original is the genuine signature of W. R. Hargrove.

On the 12th day of April, 1847, the Board of Land Commissioners of Wharton County issued to W. R. Hargrove an unconditional headright certificate, based on said conditional certificate, for 320 acres of land. The land in controversy was located and surveyed by virtue of said unconditional headright certificate, on the 26th day of November, 1874.

The unconditional headright certificate was found among the papers of James W. Lann, deceased, at the time of his death in 1855, and it was at that time transferred by Lann's heirs to J. Rust, who kept the certificate and had it located on the land in controversy in 1874. In 1876 he transferred the certificate to H. J. Schley, who kept the same until 1883, and on the next day of December of that year, procured the issuance of the patent thereon, the land being patented to William R. Hargrove, his heirs or assigns. It is under and through H. J. Schley that the appellee claims title.

W. R. Hargrove was living in Wharton County at the time of the death of James W. Lann, and continued to live in said county until 1866. W. R. Hargrove married Mrs. Caroline Carter in 1845, and died in Colorado County on April 11, 1870. He survived both his parents, and left no child, children, or descendants of child or children, surviving him. His wife Caroline survived him, and died in 1889.

The appellant, Elizabeth Hereford, whose husband refused to join her in this suit, is the only neice of W. R. Hargrove, deceased, who left no brother, sister, or nephew surviving him.

*Conclusions of Law.*—1. We think the facts negative the idea that the conditional certificate was issued under the Act of January 14, 1841 (Hartley's Digest, article 2005), and warrant the conclusion of the trial court that it was acquired under the Act of January 15, 1839 (Hartley's Digest, article 1924), and therefore its assignment was invalid. Turner v. Hart, 10 Texas, 437; Cannon v. Vaughn, 12 Texas, 399; Perry v. Glass, 25 Texas, 368; Newman v. Dallas, 26 Texas, 642.

2. The sale of the conditional certificate, being void, was, in our opinion, incapable of ratification. But if it could be ratified, there is no evidence of any act on the part of Hargrove from which a ratification of the transfer could be inferred.

3. Upon the death of Hargrove, his parents being dead, and he leaving no children or grandchildren, the certificate being unlocated, was personalty, and the title thereto descended and vested wholly in his wife, and she, being alive and an heir of Hargrove when the unconditional certificate was located and the land patented, took by virtue of the terms of the patent, it being to "Hargrove, his heirs and assigns," the legal as well as the equitable title to the premises; and this legal title, being outstanding, precluded appellant's recovery.

The judgment is affirmed.

*Affirmed.*