ALFRED WATERHOUSE ET AL. v. W. C. CORBETT ET AL.

Decided June 21, 1906.

1.—Location—Survey—Notice—Certificate.

   The record, in the surveyor's office, of the field notes of a survey actually made, is authorized by law and is notice to subsequent locators. It will be presumed that the surveyor had possession of the certificate, and it is not

necessary to show, as against one claiming under a subsequent location and survey, that the certificate was left on file in his office.

**2.—Cases Distinguished.**

Wyllie v. Wynne, 26 Texas, 43; Lewis v. Durst, 10 Texas, 398; Woods v. Durrett, 28 Texas, 430, distinguished, and Timon v. Whitehead, 58 Texas, 295; Morris v. Brinlee, 14 Texas, 285, followed.

**3.—Survey—Return of Field Notes.**

The courts can not hold a location and survey invalid, as against a subsequent locator, for failure to return the field notes and certificate to the general land office in a reasonable time, where the Legislature, by relief acts, has extended the time allowed by statute for such return.

**4.—Location—Survey—Notice.**

A junior location and survey can not prevail over a prior one, as being by an innocent locator without notice, where it appears to have been made in recognition of such prior survey and presents merely a question of conflict by overlapping boundaries.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Ford, Stone & Ford,* for plaintiffs in error.—The party claiming by virtue of a file made in 1840, must show that his scrip, warrant or certificate, under which the file was made, was left in the county surveyor's office in support of his file. Wyllie v. Wynne, 26 Texas, 43; Lewis v. Durst, 10 Texas, 398; Woods v. Durrett, 28 Texas, 430; Johnson v. Eldridge, 49 Texas, 521; State v. Vickery, 19 Texas, 326; Warren v. Shuman, 5 Texas, 455; Tom v. Sayers, 64 Texas, 341.

The field notes should have been returned to the Land Office within a reasonable time. Lewis v. Durst, 10 Texas, 398; Woods v. Durrett, 28 Texas, 430; McGee v. Chadoin, 30 Texas, 656.

*Ross & Wood* and *Hunt & Myer,* for defendants in error.—The rights of the parties to this suit are in no wise dependent upon the priority of "files."

The record of surveys of the various counties in Texas, in the office of the county surveyors, were and are public records, and all persons dealing with public lands were and are charged with notice of their contents. Act of Dec. 14, 1839; Sayles' Early Laws, art. 398, sec. 9; Act of Feb. 5, 1840; Sayles' Early Laws, art. 838, sec. 6; Wyllie v. Wynne, 26 Texas, 43; Timon v. Whitehead, 58 Texas, 295-298; Morris v. Brinlee, 14 Texas, 285-290.

The locator of the Bowman certificate would be charged with notice of location and boundaries of the William Francis survey, and he would have no right to presume that this location had been abandoned, for the record in the surveyor's office would at least put him upon inquiry. Slayton v. Singleton, 72 Texas, 213; Bryan v. Crump, 55 Texas, 15; Harrison v. Boring, 44 Texas, 263; Orme v. Roberts, 33 Texas, 772; Powell v. Haley, 28 Texas, 57.

The statutes relating to the matter in hand never prescribed that the surveys should be returned to the General Land Office within a reason-

able time, but, on the contrary, after the passage of the Act of February 5, 1840, which was the first law on the subject, various relief acts were passed extending the time for returning field notes to August 31, 1853. Pasch. Dig., art. 4542; Act Feb. 5, 1840; Sayles' Early Laws, art. 838; 1 Sayles' Real Estate Laws of Texas, art. 507; Relief Acts: Pasch. Dig., art. 4114, et seq.; Joint Resolution, Dec. 10, 1840, Sayles' Early Laws, art. 848; Joint Resolution, Nov. 27, 1841, Sayles' Early Laws, art. 1120; Joint Resolution, Dec. 27, 1842, Sayles' Early Laws, art. 1237; Joint Resolution, June 26, 1845, Sayles' Early Laws, art. 1542; Joint Resolution, Dec. 31, 1847, Sayles' Early Laws, art. 1758; Joint Resolution, Dec. 31, 1849, Sayles' Early Laws, art. 1943; Act of Sept. 6, 1850; Sayles' Early Laws, art. 2125; Act of Feb. 10, 1852; Sayles' Early Laws, art. 2253; Wyllie v. Wynne, 26 Texas, 43.

GILL, CHIEF JUSTICE.—Alfred Waterhouse brought this suit in the form of an action of trespass to try title for the recovery of the Bowman league in Harris County. He made defendants, W. C. Corbett, Julius Leider, Fred Mueller, Herman Mueller, C. Cain, August Baatz, R. S. McClaren, Alice B. and Sterling Meyer, O. C. Perrin and R. G. Tyler. Sue E. Baker was impleaded as warrantor. J. W. and E. Miller were impleaded on the cross action of Cain, Meyer, Perrin and Tyler. Leider, the Muellers, Baatz, McClaren and Corbett were eliminated from this action by disclaimer or otherwise.

The defendants Meyer pleaded not guilty as to a specific part of the land sued for and disclaimed as to the remainder. They also asked for an affirmative judgment as to the land claimed by them, both against the plaintiffs and the two Muellers. Perrin and Tyler filed similar pleas. Upon a trial to the court they had judgment and Waterhouse and J. W. and E. Miller have prosecuted this writ of error. Inasmuch as the entire judgment is not assailed it is unnecessary to set out more minutely the nature of the judgment or the intricate history of the suit in the matter of parties.

The appellees have title to the land adjudged to them if the claim under the Francis survey is superior to the Bowman, under which the claims of the other parties are predicated. The Francis certificate for two-thirds of a league was issued on the 25th day of December, 1838, and the survey thereon was made in Harris County, Texas, on April 11, 1840. The land in question is included in the boundaries of that survey. The Bowman two-thirds of a league was located in Harris County pursuant to a judgment in favor of Bowman against the Republic of Texas, of date May 23, 1842, and the survey was made August 16, 1844.

After the Francis survey was made its field notes were duly recorded in volume A, the earliest volume of the surveyor's records of Harris County. The record was made in 1840 shortly after the survey. The evidence is silent as to whether the Francis certificate was left in the office of the surveyor. The Bowman certificate and field notes were returned to the Land Office February 19, 1845, and the patent issued March 15, 1845. The certificate and field notes of the Francis were not returned to the Land Office until July 14, 1846, and the patent issued July 17, 1846.

The trial court found that the Bowman survey overlapped and con-

flicted with the Francis to the extent of the land in controversy and we approve the finding. We here adopt generally the fact findings of the trial court. They are lengthy, cover many points not necessary to the decision of the questions raised upon this appeal, and we do not consider it necessary to embody them at length in this opinion. It is enough to state that they disclose facts which show that both the Francis and Bowman certificates and surveys were regular and that the patents were properly issued. The claimants under each survey connected themselves by mesne conveyances with the original grantees.

Appellants claim the land involved in the conflict between the two surveys on the ground that Bowman was an innocent locator, their proposition being in effect that as the Francis survey was made in 1840 and the field notes not returned to the Land Office until 1846, it devolved upon the claimants under Francis to show not only that the field notes were duly recorded in the surveyor's office, but that the certificate was also left on file in that office, a fact which the evidence does not affirmatively show. In support of the proposition they cite Wyllie v. Wynne, 26 Texas, 43; Lewis v. Durst, 10 Texas, 398; Woods v. Durrett, 28 Texas, 430, and other cases to like effect.

Appellants have fallen into the error of confusing a file requesting a survey of certain lands with a survey actually made and field notes recorded by the surveyor. The record of the field notes of a survey actually made is authorized by law and is notice to subsequent locators. (Timon v. Whitehead, 58 Texas, 295; Morris v. Brinlee, 14 Texas, 285.) It was the duty of the surveyor to have possession of the certificate before the survey was made and to retain it and return it together with the field notes to the General Land Office. The evidence being silent upon the point and his acts being duly followed by the issuance of a patent by the constituted authorities, the presumption is that his action was regular.

Another proposition advanced by the appellants is that where no time is fixed by law for the return of field notes to the General Land Office they should be returned within a reasonable time, otherwise a subsequent locator who promptly complies with the law will obtain the superior right. It is contended that under this proposition the Bowman claim is superior because the six years which elapsed between the date of the Francis survey and the return of the field notes to the Land Office was an unreasonable delay.

In 1840 and prior to the making of the Francis survey an Act was passed requiring the return of field notes within one year. (Act of February 5, 1840; Sayles' Early Laws, art. 838.) This is the first law fixing a time for the return of field notes. After that date relief acts were passed: in December, 1840, Sayles' Early Laws, art. 848; November 27, 1841, Sayles' Early Laws, art. 1120; December 27, 1842, Sayles' Early Laws, art. 1237; June 21, 1845, Sayles' Early Laws, art. 1542; December 31, 1847, Sayles' Early Laws, art. 1758; and others subsequently passed extending the time for the return of field notes.

In the absence of a statute fixing the time the courts might with propriety require the field notes to be returned within a reasonable time, but in view of the relief acts cited there is no room for construction or judicial interference.

This principle was enunciated by the court in Wyllie v. Wynne, *supra*, in discussing and overruling Williams v. Craig, 10 Texas, 437. McGee v. Chadoin, 30 Texas, 650, recognizes the force of the acts extending the time of returning field notes to the Land Office. In Wyllie's case, supra, the distinction is also observed between a mere filing of the certificate with the surveyor with request to make a survey and a survey actually made and field notes recorded. The case of Lewis v. Durst is also distinguished from such as the one under consideration. It was also held that the certificate and field notes were constructive notice to subsequent locators that the land had been appropriated.

But there is another and broader reason in this case why Bowman can not prevail as an innocent locator. It affirmatively appears that the Francis location was not abandoned and it does not appear that Bowman acted upon that theory. On the other hand the two surveys merely conflict as to boundaries, and the junior survey seems to have been made in recognition of the senior. All the early maps and plats of the Land Office regarding these surveys disclose the existence of each and show no conflict. Actual knowledge on the part of a subsequent locator of the previous location by another precludes him from deriving any advantage from the fact that the surveyor's office contained no evidence thereof at the date of the subsequent location. (Morris v. Byers, 14 Texas, 277.)

We do not deem it necessary to discuss the remaining assignments in detail. They are in our opinion without merit.

The judgment of the trial court is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.