## C. R. JOHNS v. WAYNE PACE AND OTHERS.

It is settled by former adjudications of this court that the owner of a land certificate which has been located, may abandon the location at any time before the certificate is merged in a patent, provided he does not thereby interfere with the rights of any other person.

But where the owner of a land certificate located it in part, and afterwards sold to another person a half interest in the certificate and locations; *held*, that such person so becoming a part owner could not abandon the locations and surveys so made, unless authorized so to do by his vendor and part owner, or unless there was such consent or acquiescence on the part of the latter as was equivalent to a previous authorization.

APPEAL from Travis. Tried below before the Hon. A. W. Terrell.

This suit was instituted by the appellees on the 26th of August, 1854, to compel the district surveyor of Travis land district to survey for them a tract of land which they claimed by virtue of a file made by them upon it. The appellant, Johns, was made a party defendant, and claimed the land in controversy by virtue of certificates filed by him.

The facts in this case are identical with those of the case of Upshur v. Pace, 15th Texas R., 531, except that by an amended answer the defendant, Johns, alleged that at the time of his first file upon the land, in December, 1852, the land had become vacant and open to his location by reason of the abandonment in 1850 of the previous location thereon of the Mary Ann Clark certificate. The amended answer averred that in 1850, George W. Glasscock, then the owner of a one-half interest in the Mary Ann Clark certificate, lifted it from the land in controversy and re-located it on other lands. The owner of the other half interest in the Mary Ann Clark certificate was Alfred Britton; and Glasscock as a witness for the plaintiffs testified that in lifting that certificate in 1850 from the land in controversy, and locating it elsewhere, he acted without any authority from Britton, from whom he had bought his interest after the locations. The file relied upon by the plaintiffs was made on the 1st of September, 1853,

and consequently could not avail them if at the time of Johns' file in December, 1852, the land had become vacant by an abandonment of the Mary Ann Clark location.

*Hancock & West*, for appellant.

*J. A. & R. Green*, for appellees.

BELL, J.   When this suit was instituted, the questions arising upon the pleadings were precisely the same as those adjudicated by this court in the case of Upshur v. Pace, 15 Tex. R., 531.   By the opinion and judgment of this court in the case of Upshur v. Pace, it was determined that the land located by virtue of the certificate of Mary Ann Clark reverted to the public domain, because of the failure to return the field notes of that survey to the Land Office by the 31st day of August, 1853, according to the requirements of the act of the 10th of February, 1852.   It was also determined (in the case referred to,) that the tax title of the present appellant was never of any validity.   It only remains to determine, in the aspect of the case which is now presented, whether the acts of George W. Glasscock, who was a part owner of the Mary Ann Clark certificate, amounted to an abandonment of the land in controversy in April, 1850, so as to give validity to the location made by the appellant in December, 1852.   The cases of McGimpsey and others v. Ramsdale, (3 Tex., 344,) and Hollingsworth v. Holshousen, (17 Tex., 41,) have settled that the owner of a land certificate which has been located, may abandon the location at any time before the certificate is merged in a patent, "provided he does not thereby interfere with the rights of any other person."

In the case of Hollingsworth, vs. Holshousen it was said that the question of abandonment was one of fact, to be decided by the jury under all the circumstances of the case.   In the present case, the question of abandonment was coupled with another question, and that was, the right of Glasscock to abandon the location, which latter question depended for its solution upon the question of fact, whether or not Glasscock had any proper authority from Britton, the other part owner of the Clark certificate and of the land lo-

cated by virtue of it, to abandon the Plum Creek survey. The questions of fact were all fairly submitted to the jury, under appropriate instructions as to the law. The defendant below failed to show that Glasscock was authorized by Britton to abandon the location on Plum Creek; nor was it shown that Britton in any manner consented to, or had any knowledge of, the uses to which Glasscock put the Clark certificate. Without authority from Britton, or such consent and acquiescence on the part of Britton as would be equivalent to a previous authorization, Glasscock could not abandon the location and survey made by Britton himself, though his use of the certificate as far as the unlocated portion of it was concerned, would perhaps have been binding upon Britton, the other part owner. In the case of Hollingsworth v. Holshousen, the court attached importance to the fact that there was no evidence to show that the plaintiff in that case (Holshousen,) was misled in making his survey by the fact of the prior survey upon the conditional certificate of Gray, or that he was induced to make his survey under the belief that the defendant's certificate was located upon other land. So in this case it is worthy of remark that the appellant, Johns, was not led to make his location in December, 1852, by any belief that the Clark survey had been abandoned in 1850 by Glasscock. It is conclusively shown that he had no knowledge of the location made in April, 1850, by Glasscock, until long after the month of December, 1852.

We do not deem it necessary to discuss other questions which are made in the case, because they are not necessary to its decision.

The judgment of the court below is affirmed.

Judgment affirmed.