CARROLL McKINNEY v. J. W. GRASSMEYER.

1. LOCATION — PUBLIC DOMAIN. — The location of a land certificate upon the public domain subject to location, severs the land covered by it from the mass of the public domain for twelve months from the date of the location.
2. LOCATION.—During the period of twelve months from such location, the location of the same land by another party is void, both as against the first location and any relocation which the first locator may make.
3. LOCATION.—The attempt to anticipate a forfeiture by locating on a file or survey still valid, can confer no right as against the claimants under that file or survey.
4. LOCATION.—The correction and return to the general land office of the field-notes of a survey, (the certificate being in the general land office,) which survey was made on a void location originally, (the land being held by another location,) will not constitute a valid ap-

propriation of the land as against one who locates after such correction, and after the failure for twelve months of the first locator to have the field-notes of his survey and certificate returned to the general land office.

5. CASE APPROVED.—Upshur *v.* Pace, 15 Tex., 531, approved.

APPEAL from Clay. Tried below before the Hon. J. M. Lindsey.

This suit was brought by Carroll McKinney to annul a location made on land by J. W. Grassmeyer. The case was submitted below on the following agreed facts:

1. That defendant made a valid file on the land mentioned in the petiton, by virtue of a valid land certificate, on the 24th of November, 1871.

2. That defendant did not have said land surveyed, or return the field-notes to the general land office within twelve months from the date of said file, to wit, November 24, 1871.

3. That after the expiration of said twelve months from the date of said file, to wit, on the 21st day of February, 1874, defendant again filed on said land by virtue of the same valid land certificate, and on the same day had the land surveyed, and within thirty days thereafter returned the field-notes, together with the certificate, to the general land office, where the same have remained ever since.

4. That plaintiff claims by virtue of a valid land certificate filed on the same land on the 1st day of June, 1872.

5. That on the 18th of August, 1872, plaintiff had said land surveyed, and returned to the general land office the field-notes thereof within ninety days from the date of such survey, together with the certificate, where the same have remained ever since.

6. That plaintiff, on the 7th day of February, 1874, had said field-notes corrected, and returned such corrected field-notes to the general land office.

* * * 9. That the certificates under which both plaintiff and defendant filed on the land are genuine certificates and valid claims against the State, the only question being,

whether, upon the above facts, the plaintiff has in law a better right to the land in controversy than the defendant?

Judgment for Grassmeyer. McKinney appealed.

*Throckmorton & Brown,* for appellant.

I. The location and survey for appellant was valid, subject to the preference of appellee.

It is claimed, on the part of appellee, that the location and survey made by appellant within twelve months from the the date of appellee's location, is void. This is based upon the proposition that the land was severed from the public domain by his file, and therefore not subject to location. In those cases in which a location and survey has been held void, the land had been reserved from general location by law; as in Woods v. Durrett, 28 Tex., 435.; Patrick v. Nance, 26 Tex., 298; with many others. In these cases the lands were reserved for special purposes, and the locations and surveys were made in violation of law.

There was no law which prohibited appellant from filing upon the land subject to the rights of appellee. It was not contrary to the statute, but, by implication, allowed by it. We call attention again to the proviso of article 4573, which allows of surveys without location, but subject to the rights of a prior locator. Such survey is not denounced as void. We have seen that the location of appellant did not sever the land from the public domain, and therefore it was subject to be appropriated by appellant.

If the location and survey of appellant was not void, then upon the expiration of the twelve months allowed appellee to survey the land, the location, survey, and return of the field-notes by McKinney became a vested right in him, and was a valid appropriation of the land. We refer to Booth v. Upshur, 26 Tex., 64, in which the question under consideration was decided. In that case, the first location was abandoned and the land relocated by another certificate for the same party; but, between the time of the first location and the raising of

the certificate, a second location and survey was made. The question was as to the validity of the second survey, and the court held that the first locator, by raising or floating his certificate, lost his preference, and the second location was sustained. The appellee having failed to have the land surveyed within twelve months, his location became null and appellant's right attached, as in Booth v. Upshur.

We anticipate that appellee will rely in this court upon the case of Upshur v. Pace, 15 Tex., 531. An examination of that case will satisfy the court that it does not decide the question involved here. The validity of a tax title to land sold for taxes, when the field-notes had not been returned, seems to have been the only question considered by the court and the point upon which the decision was made.

II. The correction and return of the field-notes of appellant were equivalent to a relocation and survey.

If it should be held that the location and survey made for appellant was void, then we claim that the correction and return of the field-notes after the 24th day of November, 1872, were equivalent to a resurvey of the land, and are prior to the last location and survey for appellee. After the 24th day of November, 1872, appellant might have caused the land to be relocated and surveyed under his certificate. The land having been already surveyed, the surveyor could appropriate the field-notes without actual resurvey. (Lake v. Wafer, 16 Tex., 570 ; Jenkins v. Chambers, 9 Tex., 232.)

The certificate need not have been located to authorize a survey. (Paschal's Dig., art. 4563.) The surveyor, after the date at which appellee's location expired, did, in effect, resurvey the land by appropriating the field-notes as corrected.

If the land had been patented upon appellant's first survey before appellee relocated it, the title would have been valid, notwithstanding the original survey might have been void.

If the issuing of the patent would have cured the invalidity, we think that the resurvey or correction of the field-notes would certainly have as great effect, and that upon the pri-

ority of the correction of the survey alone appellant should recover the land.

*Peeler, Montgomery & Fisher*, for appellee.

I. Grassmeyer's first file appropriated the land, withdrew it from the public domain, and reserved it from location for twelve months. (Paschal's Dig., art. 4568; act February 10, 1852, sec. 8.)

The equitable title, by virtue of this location, was drawn out of the State and vested in him during that time, which title might have been perfected into a perfect legal title, or lost, by compliance or non-compliance with the statutory requirements in reference to a survey and return of the field-notes. This equitable title, while it subsisted, conferred upon Grassmeyer a right of property by "as strong a sanction as that which exists by a right purely legal." (Hamilton *v.* Avery, 20 Tex., 633, 635; Commissioner General Land Office *v.* Smith, 5 Tex., 480; Carroll *v.* Safford, 3 How., 459; Paschal's Dig., art. 5303; Ross *v.* Barland, 1 Pet., 665; Sims *v.* Irvine, 3 Dallas, 456; Moreland *v.* Atchison, 24 Tex., 164; Kimmell *v.* Wheeler, 22 Tex., 77; Wright *v.* Hawkins, 28 Tex., 452.) That these decisions were made respecting locations on lands specifically reserved from location, can, we think, make no difference,—a reservation having the effect of exempting land from location, whether the reservation be made by special legislation, or by a valid file or survey under a general law.

The case of Upshur *v.* Pace, 15 Tex., 530, decides the very question here presented upon almost the same facts.

The case of Booth *v.* Upshur, 26 Tex., 64, simply decided that a party withdrawing his certificates and substituting others for those withdrawn, could not claim the benefit of his original file to the exclusion of a party who had located on the land between the dates of the original and the substituted file; that his entry would date from the time of substitution.

The case, however, turned upon other points, and this question was barely noticed by the court, not discussed.

II. The correction and return by McKinney on 7th of May, 1874, of the field-notes of the survey of August 18, 1872, cannot confer upon him title as by survey or location. Location, it is true, is not necessary to a valid survey, and a survey without location will give a preference over a subsequent locator; (Paschal's Dig., art. 4573;) but an actual survey, or its equivalent,—the adoption of the field-notes of a previous survey made under proper authority and correctly describing the land, or a relocation,—is necessary to appropriate the land and reserve it from location by other certificates  It is not even pretended that the land was surveyed for McKinney after it became vacant, nor that the field-notes of a previous lawful survey, or those of any survey correctly describing the land, were adopted by the surveyor.  It is not perceived that the mere correction and return of the field-notes of a void and illegal survey are equivalent to a resurvey, nor that the title of one who took the first legal and proper steps to again appropriate the land after it became vacant can thereby be defeated.  In this case it was incumbent upon McKinney, the plaintiff, to recover upon the strength of his own title, and to show, if such were the case, that the land had actually been surveyed or correct field-notes adopted. The court cannot indulge the inference that either was done from the mere return of the corrected field-notes of an illegal survey.  Correction of field-notes does not necessarily imply an adoption of them.

III. If, under the authorities reviewed, a location upon land covered by a prior valid file is a nullity, then Grassmeyer's location and survey of May 21, 1874, was the first valid appropriation of the land after it became vacant, and entitles him to a patent.

Gould, Associate Justice.—By the file or location of Grassmeyer, the land was severed from the public domain

for twelve months from that date, and during that period was appropriated by him so as not to be subject to another location. In Wyllie v. Wynne, 26 Tex., 45, it is said: "It was the practice of the country to a considerable extent, and one which was recognized by the courts, to hold lands by files merely, without actual survey. And we believe that this practice was in conformity with law." After the enactment of the statute requiring a survey within twelve months from the date of location, the file or location without actual survey was still valid to appropriate and hold the land during the twelve months. If followed by a proper survey, a file or location has been one of the modes of appropriating the public domain, both before and since the act of August 30, 1856. (Paschal's Dig., art. 4573, et seq.; Lewis v. Durst, 10 Tex., 398; Wyllie v. Wynne, 26 Tex., 45; Hollingsworth v. Holshousen, 17 Tex., 43; Ward v. Conner, 33 Tex., 569; Houston and Texas Central Railroad Co. v. McGehee, 49 Tex., 490.)

Our response to the first of the agreed points of law is, that the location of McKinney, made within twelve months of the file of Grassmeyer, whether void absolutely and for all purposes or not, was void as against Grassmeyer's location and relocation. The attempt to anticipate a forfeiture by locating on a file or survey still valid, can confer no right or equity as against the claimants under that file or survey. The case of Upshur v. Pace, 15 Tex., 531, was one which turned upon "priority of location" under a similar state of facts, and the decision made necessarily involved the principle just stated. (Johns v. Pace, 26 Tex., 270; Johnson v. Eldridge, 49 Tex., 521.) The case of Booth v. Upshur, 26 Tex., 64, cited by counsel, turned apparently on other questions, and it does not appear that this question, if involved in the case, was either made or considered. A valid location should operate to prevent others from locating thereon, and it is believed would practically cease to have that effect unless the principle laid down be enforced.

To the second point, we respond, that the correction of the field-notes under McKinney's location was not a valid appropriation of the land as against Grassmeyer's subsequent relocation. The correction of field-notes did not require that the surveyor be presented the certificate or land claim, as in case of a relocation or of an original survey without entry. (Paschal's Dig., arts. 4564–4573.) The correction without the certificate or land claim could be equivalent to neither a relocation, an original survey, nor to a valid appropriation of a former survey.

The points are decisive of the case. The judgment is affirmed.

AFFIRMED.