E. B. SMYTH ET AL. v. W. G. VEAL.

(No. 3766.)

TITLE — LAND CERTIFICATE.— A purchaser of a land certificate without notice would take good title.

APPEAL from Limestone county. Opinion by DELANEY, J.

STATEMENT.— Appellants, E. B. Smith, J. W. Townsend, Joe H. McCain and Elizabeth Wood, plaintiffs below, brought this suit in the district court of Limestone county,

on October 5, 1875, and on the 7th day of March, 1878, filed their "amended original petition," which, under rule 14 of the district court, supersedes the original petition, against W. G. Veal, appellee, for the possession of the head-right certificate, No. 155, of one-third of a league of land, issued to William Anglin by the board of land commissioners for Robertson county, Texas, on 3d of May, 1838, and to have a fraudulent transfer to said certificate made by said William Anglin to appellee, Veal, on June 19, 1871, declared to be null and void and of no effect; and setting out in said "amended original petition" that said William Anglin had said certificate located upon a certain tract of land lying in Limestone county, Texas, giving the field-notes of said land.

That the proper returns of said location were made to the general land office of the state of Texas, and filed therein. That after said location, as aforesaid, and on the 27th of September, 1845, said William Anglin conveyed one thousand and eighty-eight acres of said land to Samuel Andrews, and on June 3, 1851, conveyed the balance of said land, three hundred and ninety-eight and two-thirds acres, to Abram Anglin, reciting in each of said conveyances that the said tracts of one thousand and eighty-eight acres and three hundred and ninety-eight and two-thirds acres were parts of the said William Anglin's head-right of one-third of a league. That plaintiffs are, and were at and before the institution of this suit, the owners of said land and said certificate, by virtue of regular and valid conveyances thereto, and that said Veal had full notice, both actual and constructive, that they were the owners thereof, at and before June 19, 1871. Appellee, defendant below, filed an amended original answer of: 1st, a general denial; 2d, special denial that the transaction was tainted with fraud in any manner whatever, and the statute of limitations of two years.

Plaintiffs, by way of replication, amended their original petition: 1st. General denial. 3d. That said defendant did

not obtain possession of said certificate until January 15, 1872, and then obtained it from the general land office where plaintiffs had filed it. Plaintiffs prayed that defendant be required to deliver transfer of certificate in open court, and that it be decreed null and void. Judgment for value thereof, costs and general relief. Verdict for defendant March 9, 1878. Motion for new trial overruled, and plaintiffs appeal.

Plaintiffs proved the following facts: 1st. Issuance of the certificate to William Anglin May 3, 1838, location on the land described in their petition on June 10, 1839, and proper returns to general land office as alleged by him. 2d. That said William Anglin on September 27, 1845, sold to Samuel Andrews by warranty deed one thousand and eighty-eight acres, describing same by metes and bounds, and to be taken from south part of William Anglin's one-third league. 3d. And on June 3, 1851, said William Anglin sold by warranty deed to Abram Anglin the balance of the one-third league, three hundred and ninety-eight and two-thirds acres. See Kent, p. 517, 9th ed. They also proved that the chain of title was properly recorded before defendant bought certificate. Defendant also proved that after the location of said certificate by Anglin on the land it was in conflict *in toto* with an older and a valid location, and that in consequence thereof no patent was issued to Anglin or his assignees, and the said certificate had no file mark on it until relocated in Wichita county. Defendant also proved that after the location of said certificate by Anglin on the land described in plaintiff's petition, and after Anglin had conveyed the land to Andrews and Abram Anglin, he made a compromise with Chas. A. Jacobs and William Christy (who, plaintiffs admitted, were the owners of said older grant), and accepted a conveyance from them to said land. And plaintiffs admitted that said conveyance to Anglin from Jacobs and Christy vested the title of said older grant to said land in Anglin.

OPINION.— The plaintiffs in this suit are the present holders and owners of the land under title described as above set forth, and all duly recorded in Limestone county. But in 1871 Wm. Anglin, the original grantor of the certificate, sold it to the defendant, who located it upon lands in Wichita county. Now plaintiffs claim they are the owners, not only of the land in Limestone county, but also of the certificate; and that, as the owners of the certificate, they are entitled to the land in Wichita county upon which it has been located by defendant. Plaintiffs urge this proposition: " When the owner of a land certificate has it located upon land and sells the land so located, referring to the land so sold as located under such certificate, he thereby parts with his title to the certificate and cannot afterwards abandon such location, or sell the certificate in prejudice of the rights of his former vendee;" and refer to Paschal's Digest, articles 4301, 4302. Johns v. Pace, 26 Tex., 270; Smith v. Tucker, 25 Tex., 594; Baggett v. McKenzie, 28 Tex., 581.

A majority of the commissioners hold that when Anglin, for the benefit of his vendees, bought in the superior title, he was discharged from all the obligations of his contract, and might dispose of the certificate as he chose. Also the legal title to the certificate was in Anglin when he sold to appellee. There is no evidence in the record that appellee had any knowledge of the claim of appellants. If the plaintiffs or their vendors had desired to give notice of their claim to their certificate they should have filed it in the land office. Baggett v. McKenzie, 28 Tex., 581. A purchaser of the certificate from Anglin without notice would take good title. Law v. Berry, 22 Tex., 372.

AFFIRMED.