WM. CASSIN v. M. D. O'SULLIVAN ET AL.

(Case No. 4957.)

1. LOCATION OF LAND CERTIFICATE — NOTICE.— One who files in a proper manner, and delivers a valid land certificate to the county surveyor, has twelve months within which to have the land applied for surveyed, as against any one having notice that he has taken these steps to appropriate the land; and this though the county surveyor failed to make the proper file entry, and did not keep either the application or the certificate in his office, but deposited them elsewhere for safe-keeping.

2. SAME.— If, under such circumstances, a third party, having notice, files upon the land another certificate before the expiration of twelve months, his file is void, and the first locator, who disregards it, and refiles any valid certificate on the land after the expiration of twelve months from his own original file, thereby appropriates it.

APPEAL from McMullen. Tried below before the Hon. D. P. Marr.

This was an application for a *mandamus* to compel the county surveyor of McMullen county to receive and record an application for the survey of four sections of land made by William Cassin on the 9th of December, 1882, and to survey the same. R. H. Brown, claiming the land under a subsequent location, made on the 12th of December, 1882, was made a party defendant.

The defendants claimed that the land was not vacant at the date of Cassin's location, because Brown had previously filed upon it on the 12th of December, 1881, which had not then expired. This file of Brown's had never been kept in the surveyor's but in a merchant's safe in Tilden; nor was it entered or recorded in the books of the surveyor's office till the 11th of December, 1882, two days after Cassin's location; nor was there any survey ever made upon it. Brown relocated the land with other certificates on the 12th day of December, 1882.

Verdict and judgment for the defendants.

*L. D. Murphy*, for appellant, cited: R. S., secs. 3894, 3895; Lewis *v.* Durst, 10 Tex., 398; Pasch. Dig., 4573, 4574; Fowler *v.* Hilburn, 21 Tex., 490.

*J. M. Eckford*, for appellees, cited: 3 Pet., 337; Smith *v.* Power, 2 Tex., 57; Horton *v.* Pace, 9 Tex., 82; Magee *v.* Chadoin, 30 Tex., 659; H. & T. C. R. R. Co. *v.* McGehee, 49 Tex., 486; Morris *v.* Byers, 14 Tex., 278.

STAYTON, ASSOCIATE JUSTICE.—To entitle the appellant to the relief sought, it was incumbent on him to show that the land which

he sought to locate was unappropriated public domain on the 9th of December, 1882. The locations made on the same land December 11, 1881, by Brown, deprived the land of that character and withdrew it from location by another for the period of twelve months. McKinney v. Grassmeyer, 51 Tex., 381; R. S., 3902.

The files of Brown were made in the proper manner, with a proper officer, and were supported by valid land certificates, which, with the applications for the land, were delivered to the proper officer to be kept in his official custody as the law required. These were filed by him; and if that officer failed to make the proper entries in his books to show the locations, this could not prejudice the right of Brown in a contest between him and a person who had actual knowledge of his locations. The appellant is shown to have had such knowledge prior to the time at which he attempted to locate the land. Morris v. Byers, 14 Tex., 278; H. & T. C. R. R. Co. v. McGehee, 49 Tex., 486; Horton v. Pace, 9 Tex., 82.

That the applications of Brown, and the land certificates on which they were based, with other like papers properly in the custody of the surveyor, were kept in the safe of a merchant, because the county had not furnished a safe place to keep them, in no way affected the right of Brown as against the appellant, who had full knowledge of Brown's locations.

The locations which the appellant sought to make being before the expiration of the twelve months which Brown had within which to have the land surveyed, the surveyor correctly refused to receive them. The locations, if received under such circumstances, would have been void as to Brown's location or relocation. McKinney v. Grassmeyer, 51 Tex., 382; Kimmell v. Wheeler, 22 Tex., 77.

After twelve months from Brown's original locations, no surveys of the land having been made, nor steps taken to compel surveys, the land again became subject to location by Brown or any other person. R. S., 3902.

Brown relocated the same land under other certificates, but it does not appear that the appellant took any steps, after the land so became subject to appropriation, to locate it. His former action being unlawful and void, he has no right whatever to the relief which he seeks.

The charge of the court properly submitted the cause to the jury, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 23, 1884.]