## J. D. GRANT V. W. T. SIMPSON.

### IN SUPREME COURT, TYLER TERM, 1884.

*Patent—Title.*—A patent from the state carries with it the *prima facie* right to the land granted, and it devolves upon the adverse claimant to clearly establish a prior or superior equitable right.

*Forfeited Survey.*—A withdrawal of a certificate from the general land office in 1876 had the legal effect to forfeit a survey and location previously made by virtue of such certificate.

*Same—Pre-emption.*—A pre-emptor, settling upon and applying for the land as a homestead before such forfeiture occurs, acquires no title or equity as against the owner of the prior location, who, after the forfeiture and within ninety days therefrom, relocates the land.

Appeal from Robertson county.

### STATEMENT

This was an action of trespass to try title brought by J. D. Grant against W. T. Simpson for a tract of one hundred and sixty acres of land. The plaintiff relied on a patent which embraced the land sued for, issued on the 23d day of July, 1879, by virtue of a survey made December 5, 1876, under and by virtue of a land certificate issued to Jesse Walling, assignee of V. Mendez. The defendant answered by general denial, plea of "not guilty," and special answer that he had acquired title to the land as a pre-emptor by settlement and claim thereof as such, and by compliance with the laws entitling him thereto, beginning on the 20th day of April, 1876 ; also that plaintiff's patent is null and void, because the survey made by plaintiff

upon which the patent was issued, was made without any land certificate or other legal authority to make the same, then in the possession of the plaintiff, or of the surveyor.

The survey referred to was the first survey made for plaintiff of this land in 1874. On November 8, 1876, the plaintiff obtained from the general land office a certificate for the interest owned by him in the Mendez certificate under which his survey of 1874 was made, and by virtue of said certificate of unlocated balance his survey was made in December, 1876, on which his patent issued.

Defendant answered further, that the plaintiff's survey in 1876 was subsequent to defendant's settlement in good faith on said land, and of his taking the necessary steps to appropriate the land as a pre-emptor. Defendants answer in that behalf asserts that plaintiff's survey in 1876 and the patent issued under it are fraudulent and void as against the rights acquired by the defendant by virtue of his said settlement and claim.

Trial by jury, verdict and judgment for the defendant, from which the plaintiff appeals and assigns errors.

OPINION.

The appellant's second assignment of error is as follows, viz. : The court erred in charging the jury as matter of law that Grant had abandoned the location made by him on the land in December 1874. 1—Because the evidence does not show such abandonment, nor warrant such a charge· 2—Because, defendant had plead specially his defense, and there was no such defense set up by defendant in his answer.

Although the procurement from the general land office, by Grant, of a certificate for the unlocated balance of the Mendez certificate had the legal effect to forfeit his survey under said certificate in 1874 (Johnson v. Eldridge, 49 Texas) yet we think that it was error to apply the charge given on this subject to this case, except as it might be made applicable to such rights of the defendant as may have intervened after November 8, 1867, when the plaintiff withdrew from the general land office his evidence of right to the Mendez certificate under which his survey in 1874 was made. The defendant took steps to appropriate land by pre-emption by settling on and occupying the land in April 1876 ; his application to appro-

priate the same as a homestead was made 12th of May, 1876. During those periods of time the plaintiff had in no wise forfeited his survey of 1874; the land was not vacant and unappropriated, but on the contrary, as the evidence clearly shows, was duly surveyed, the survey duly returned to the general land office, where the land certificate under which the survey was made was duly filed, and to which said survey was applied. No advantage or right could accrue to the defendant by reason of his said settlement and application whilst the land was thus at that time appropriated by Grant, and which was not filed until November 8, 1876. (Johnson v. Eldridge, 49 Tex., 521. McKinney v. Grassmeyer, 51 Tex., 382.)

After November 8, 1876, the defendant having taken no steps to institute proceedings appropriate and required by law regulating pre-emptions, and his former and initiatory acts of claim as a pre-emptioner being wholly invalid, conferring no rights upon him, there remains no basis on which he can rest to assert a claim against the force and effect of the plaintiff's survey.

The plaintiff holds the legal title by a patent, and it carries with it a *prima facie* right to the land granted by the state to the patentee, and to rebut such presumption, it devolves on the adverse claimant to clearly establish a prior or superior equitable right. If both parties have equities, unless there is a decided preponderance, the legal title must prevail. (Johnson v. Eldridge, 49 Tex., 507.) In this case, as we have seen, the defendant acquired no equity by settling on and claiming the land before it had become forfeited November 8, 1876, and we think the charge upon the subject of the plaintiff's abandonment or forfeiture, as the same was given, was misleading and erroneous.

In addition to this view, we think the charge was inapplicable to the evidence and misleading, because if the abandonment or forfeiture of the survey of 1874 occurred from the withdrawal by Grant of his remaining interest in the Mendez certificate from the general land office, by obtaining the issuance of the certificate for the unlocated balance, he was entitled to 90 days from the time the same was so withdrawn, to the exclusion of all other persons, to locate and survey the land. Article 7099 qq. P. Dig. (Acts of 1873, page 180) provides that "when a survey has become forfeited and void from any cause, so soon as such forfeiture is discovered, the commissioner shall notify the party interested in such survey or location, of

such forfeiture, and no new file or location shall be made on the land covered by such forfeited survey, except by the owner of such forfeited survey or location, for a period of ninety days after such notice to the interested party." This language is broad and explicit, it embraces cases of forfeited rights in surveys from any cause whatever, and in this case whether notice need to have been given to the plaintiff or not, under the meaning and intent of the statute, the plaintiff would have been entitled to the ninety days from the forfeiture within which to relocate and appropriate the land. He caused the land to be surveyed on December 5, 1876, which was within the ninety days.

The charge of the court says that the original location of the Mendez certificate by J. D. Grant in 1874 was a valid location as against the subsequent pre-emption claim of defendant, if defendant had actual notice of such location. This view taken by the judge implies that the plaintiff's forfeiture or abandonment of the survey did not originate in its inherent nullity as a valid location made by virtue of a valid certificate and survey, and we infer that the abandonment referred to in the charge has relation to the withdrawal of the certificate. The defendant had constructive notice of the survey of 1874, as it appears from the certificate of the county surveyor attached to the field notes of that survey filed in the general land office that the record of the survey, together with a plat of the same was recorded in his office as early at least as December 29, 1874, the date of his certificate. We conclude that the judgment ought to be reversed and the cause remanded.      Walker, J.

Report of the commissioners of appeals examined, their opinion adopted and the judgment reversed and the cause remanded.

Willie, C. J.