### IRA B. TAYLOR v. DAVE CRISWELL.

#### No. 227.

**Homestead Pre-emption—Failure to Return Field Notes Within Twelve Months.**—C. having settled on vacant public land, duly applied, January 20, 1887, to the county surveyor for a homestead survey thereof, which was made July 19, 1887, but the field notes were not recorded and returned to the General Land Office until more than twelve months after the date of the application.    On March 17, 1887, H. also settled on the same land, and applied for a pre-emption survey thereof, which was promptly made, and having paid the State $1 per acre for the land, he obtained patent thereon May 17, 1887.    In a contest between the title of H. and the older claim of C., who continued to reside on the land, *held:*

1. In order to avoid the forfeiture declared by article 3948, Sayles' Civil Statutes, for a failure to record the field notes and return them to the Land Office within twelve months, it devolved on C. to show some legal excuse for such failure.

2. If C.'s right eventually became forfeited because of such failure, the patent to H. vested a perfect title in him, although the survey on which it issued was made within the twelve months allowed to C. for having his survey made and recorded.

APPEAL from Parker.    Tried below before Hon. J. W. PATTERSON.

*Albert Stevenson* and *Jasper N. Haney*, for appellant.—1.    There was such laches on the part of appellee as to forfeit any pre-emption claim he may have had to the land.

2.    The conclusions of law filed by the trial court are not sustained by the findings of fact, and are erroneous.    Rev. Stats., arts. 3924, 3937, 3939, 3952; Todd v. Fisher, 26 Texas, 242; Bryan v. Shilley, 53 Texas, 440; Decourt v. Sproul, 66 Texas, 369.

No brief for appellee reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—Prior to November, 1886, the 160 acres of land in controversy was vacant public domain of the State of Texas, and subject to pre-emption under her laws. In that month appellee, with his family, moved on this land, and on the 20th of January, 1887, filed his application in writing under oath, in compliance with the law, with the surveyor to have it surveyed.

On the 17th of March, 1887, before any survey had been made for appellee upon his application, one J. F. Harp moved with his family in a tent upon the land, filed his application for a survey in form in compliance with the law, had the survey made and field notes returned to the General Land Office, paid $1 per acre, and had patent issued on the 17th of May thereafter. He then moved off the land, and on the 13th of September, 1887, conveyed it to appellant. In fact, his moving on the land and procuring the patent thereto was at the instance of appellant and for his benefit, he paying the expenses.

In July, 1887, after the issuance of the patent to Harp, appellee called upon the surveyor to make the survey under his application, which he at first refused to do because of the Harp survey, but on the 19th of that month he made the survey, after having appellee to file another application, but these field notes were not recorded nor returned to the General Land Office until the fall of 1889, much more than twelve months after the filing of the last application by appellee, and after the institution of this suit.

Appellant instituted this suit in the form of an action of trespass to try title, claiming under his Harp patent against appellee, who had remained in possession since his first location. Appellee reconvened, seeking affirmative relief by reason of the steps taken by him to pre-empt the land above detailed, and asked the cancellation of the Harp patent as a cloud upon his title. The court below held appellee to have the superior title, and entered a decree cancelling the conflicting patent, as prayed for by him, from which this appeal is prosecuted.

The law under which appellee was seeking to acquire this land contains this provision: "Should any person claiming a homestead donation fail to make the written application as provided in this chapter, or should he fail to have the survey made and to have the field notes thereof (duly certified to and recorded) returned to and filed in the General Land Office within twelve months after the date of his application, or should he or his assignor fail to make satisfactory proof that he had resided upon, occupied, and improved the land claimed by him for three years after the date of his application, as provided in this chapter, he shall in either event forfeit all right and title to said land, and the same shall become subject to entry or location as other vacant and unappropriated public land." 2 Sayles' Civ. Stats., art. 3948.

Unless appellee had some legal excuse for his failure to have his field notes recorded and returned to the General Land Office within the time required by this statute, it is clear that all rights he had acquired thereunder had become forfeited, and he was not entitled to the relief granted him by the court below. De la Garza v. Cassin, 72 Texas, 440. Appellee charged in his answer, that he was prevented from returning his field notes by fraud and collusion between the county surveyor, appellant, and Harp, but the court below did not in its conclusions find whether this allegation was sustained by the evidence or not. The conclusions of the court only go to the extent of finding that the surveyor, in July, at first refused to make the survey because field notes had already been returned for Harp. In a few days, however, he did make it, but as to why the field notes were not recorded and returned to the Land Office, we are left in ignorance. The record does not disclose any effort on the part of appellee to have the law complied with during the two years that intervened between the filing of his second application and the institution of this suit.

It has been several times held, that where a surveyor wrongfully refuses to make a survey, the time consumed in litigation to compel him to a performance of his duty will not be included in the time allowed by law; but the disposition of the courts has not been toward an extension of excuses. Holloway v. Holloway, 30 Texas, 164; New York and Texas Land Co. v. Thompson, 83 Texas, 169. We are of opinion, that the facts set forth in the special findings of the court were not sufficient to relieve appellee from the forfeiture declared by the law, and he was therefore not entitled to the judgment rendered in his favor; but as there is no statement of facts in the record, and the findings of the court may not be as full as the evidence introduced would have warranted, we have thought it best to remand the cause for a new trial.

If appellee should be able to preserve his location from the absolute forfeiture decreed by the statute, it would seem that he should prevail over the Harp patent; the survey upon which it was issued having been made during the year allowed appellee in which to return his field notes, would at least be void as to any rights he may have. McKinney v. Grassmeyer, 51 Texas, 376; Cassin v. O'Sullivan, 61 Texas, 594. If, however, it should be held that appellee has no right to the land, but as to him it has become vacant public domain, it has been held, that the Harp patent would not be void as to other persons. Young v. O'Neal, 54 Texas, 544.

We are of opinion the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 27, 1893.