ANN R. SCOTT V. JOHN C. RHEA AND OTHERS.

.The plaintiff's right of action (if maintainable at all) being under the 15th Section of the Statute of Limitations, the charge by the Court that her right depended on the 16th Section of said Statute, was error.

Where a party in possession rents land to a person against whom suit is pending for said land, the pendency of such suit is no interruption of the possession of the former.

Whether the possession that will bar an action under the 15th Section of the Statute of Limitations, will give a title, upon which an action of trespass to try title can be maintained, left open.

Appeal from Cass. Tried below before Hon. L. D. Evans.

The appellant instituted suit on the 20th day of April, A. D. 1848, against the appellees, to recover a tract of land described in the petition and accompanying documents, together with damages for her dispossession. She claims the land by virtue of her locating it on the 11th day of September. A. D. 1841, under a fourth class certificate, issued to her by the Board of Land Commissioners of Paschal county, on the sixth day of the same month and year; and by virtue of her peaceable possession of the land, from the month of October, A. D. 1840, to the time of her dispossession by the defendants, on the 23rd day of December, A. D. 1847, cultivating, using, and enjoying the land, and paying the taxes.

The defendants set up title in David Lane, one of themselves, by virtue of a first class certificate, issued to him by the Board of Land Commissioners for Red River county, on the 13th day of February, A. D. 1838, and a survey under the same, made the 26th day of March, A. D. 1838. And they further justified under a writ of possession, issued by the District Court of Bowie county, to John C. Rhea, then

Sheriff, on a judgment obtained by David Lane against one William P. Rose.

There were a verdict and judgment for the defendants in 1849, when the plaintiff appealed to the Supreme Court; and the judgment was reversed, and the cause sent back for a new trial.

When the cause went back under the mandate of the Supreme Court, the defendants put in an amended answer, wherein they alleged, "that in the year 1843, defendant, Lane, instituted a suit, in the county of Bowie, against one William P. Rose, by filing his petition, in which he alleged that said Rose had committed trespass upon a certain tract of land therein described, and alleging the trespass to have been committed from the year 1839, continuously, to the institution of the suit. That said suit was prosecuted to a judgment, which was rendered in the year 1847, in said District Court of Bowie county, when a judgment was rendered in favor of said Lane and against said Rose, for the recovery of said land and for damages. And defendant refers to a copy of the proceedings and the judgment rendered in said cause as a part of this answer, for a more full and perfect description of the land sued for, and for other purposes," &c., and "these defendants say, previous to the institution of said suit, in Bowie county, on the day of the institution of the same, that the said Rose was a tenant of plaintiff in this suit, and that plaintiff was apprized of the pendency of the same, all of which," &c.

The cause then came on to trial the second time, when there was a verdict for the defendants, on which was entered a judgment, "that the defendants go hence without delay, and that they have and recover of the plaintiff, Ann R. Scott, all their costs in the suit expended, and that execution may issue for the same."

The plaintiff then moved for a new trial, on the grounds: "1st. Because the verdict of the jury in this cause, rendered at this Term of the Court, is contrary to the law and evidence,

adduced on the trial of the same. 2nd. Because the Court erred in permitting the transcript of the record in the case of David Lane v. William P. Ross, from Bowie county, introduced by defendants, to be read as evidence to the jury on the trial of this cause, at this Term, and also erred in not excluding the same from the jury, according to the prayer of the plaintiff, made orally, before the Court's charge was given. 3rd. Because the Court erred in overruling the evidence offered to prove by Watson (before loss of receipts of taxes was proved) that plaintiff had paid taxes on said land ; and also erred in its charge to the jury that the payment of the taxes on the land, in 1847, for the antecedent years, for which taxes were due, was not such a payment of taxes as contemplated by the Statute, unless plaintiff showed that the same had not been assessed. 4th. Because the Court erred in permitting the certificate of headright and field notes of Lane to be read as evidence of title in Lane to the land in controversy by defendants ; said certificate not having any accompanying certificate from the County Clerk of Red River, or any other county, or from any other source ; that said certificate of headright had passed the Traveling Board of Commissioners, and was genuine; and said field notes for the same reason not being valid, and also not having a good and sufficient certificate of the County Surveyor, where the survey was made for Lane, that the same was properly received, examined, and recorded, &c. 5th. Because the Court erred in permitting defendants to read Lane's patent to the said land, as evidence of Lane's title, the same bearing date subsequent to the institution of the suit. 6th. Because the Court erred in permitting evidence to go to the jury, showing that John W. Scott, the then husband of the plaintiff, had notice of the pendency of the suit of Lane v. Rose, thereby leaving the jury to infer notice upon the wife, Mrs. Scott, of the pendency of a suit affecting the rights to her separate property consisting of real estate. 7th. Because the Court erred in charging the jury,

that if they found that Rose, the defendant in the cause of Rose v. Lane, a copy of the record of which was read on the trial of the cause, was a tenant or lessee of the plaintiff in this suit, at any time during the pendency of said suit of Lane v. Rose, that, in that case, the plaintiff in this suit was bound and concluded by the proceedings in the said suit against Rose, and that, in that event, the jury must find for the defendants."

The motion for a new trial was overruled, and notice given by the plaintiff of an appeal to the Supreme Court.

The grounds stated on the motion for a new trial were embodied in the assignment of errors.

*T. J. & J. H. Rogers*, for appellant.

*S. F. Moseley* and *J. C. Everett*, for appellee.

WHEELER, J. If the plaintiff can maintain an action of trespass to try title, it must be by virtue of three years' possession, under color of title, within the provision of the 15th Section of the Statute of Limitations. (Hart. Dig. Art. 2391.) But the Court appears to have considered that her claim was founded on the 16th Section of the Statute, (Hart. Dig. Art. 2392,) and accordingly instructed the jury that to enable her to maintain the action, she must have had five years' possession, paying taxes, &c. This was an evident misapprehension of the case. The plaintiff did not claim under a deed, but under a certificate and survey, which was color of title, as defined in the 15th Section.

The Court further instructed the jury, in effect, that the pending of the suit of Lane against Rose was an interruption of the possession of this plaintiff in 1844, when Rose was her tenant. This, we think, was error. We do not think she was affected by the pendency of the suit against Rose, from

the mere fact of having rented him the premises in 1844. This ruling of the Court virtually decided the case against the plaintiff, and it will require a reversal of the judgment; (assuming that the possession that will bar an action under the 15th Section of the Statute, will give a title, upon which an action of trespass to try title can be maintained.) That question has not been examined and discussed by counsel upon authority, and the language and provisions of the Statute, as fully as could be desired in order to its final and authoritative decision. If, therefore, we should hereafter have occasion to consider that question, upon more satisfactory examination and argument, we do not mean by our present decision to conclude the question. As it becomes necessary to decide without those aids that would be desirable, we do so with this reservation.

There is a want of conclusive certainty in the testimony as respects the question whether the plaintiff was in possession of any part of the land claimed by the defendant, Lane, during each of the three years next before the trespass of which she complains. The question of fact must be referred to the decision of the jury; and it may not become necessary in this case finally to pass upon the question of title by limitation under the 15th Section of the Statute.

The judgment is reversed and the cause remanded.

Reversed and remanded.