| 49 | 481 |
|----|-----|
| 81 | 131 |

Houston and Texas Central R. R. Co. v. T. G. McGehee.

1. FACT CASE, involving priority of location of a tract of land claimed by both parties.
2. LOCATION—NOTICE.— A file or entry in a surveyor's book is not notice of a location, unless such book be kept in the office of the surveyor, and be accessible to inspection, as provided by act of 1856. (Paschal's Dig., 4573.)
3. LOCATION.—A prior location, followed by the statutory diligence in making survey and returning the field-notes, is an appropriation of the land against any claim having its inception subsequent to such date.
4. LOCATION—EVIDENCE.—It is proper to submit to the jury, in a contest between two locations, whether in point of fact a location or file was made in a book of entries kept for that purpose in the proper office; the date, as shown in an entry in a memorandum book of the surveyor, being insisted on as determining the true date of the entry.

31

5. OPINIONS OF COMMISSIONER OF LAND OFFICE.—The opinions of the Commissioner of the General Land Office cannot change the effect of facts which determine the priority of locations, and such opinions are not admissible in evidence.

6. JUDGMENT, FORM OF.—That a judgment for defendant in an action of trespass to try title, with plea of not guilty, in addition to the ordinary judgment for the defendant, goes on to quiet defendant's title, is no ground of reversal.

APPEAL from Llano. Tried below before the Hon. E. B. Turner.

The facts are stated in the opinion.

*Hancock, West & North,* for appellant.

I. The court erred in refusing the instructions asked by appellant. The instructions refused are set out in the opinion. (1 Paschal's Dig., arts. 4573, 4574, and notes 1009, 1010, p. 752; Id., art. 4526, p. 745; Ward *v.* Conner, 33 Tex., 549.)

II. Although the previous entry and location was not made on the surveyor's book, yet the lawful surveys made under these valid certificates will give a superior right to that acquired by another party by virtue of a patent junior in date to such survey, unless the patentee can show a valid location or survey prior in date to the unpatented survey. (Wyllie *v.* Wynne, 26 Tex., 43; Sherwood *v.* Fleming, 25 Tex. Supp., 408; Hollingsworth *v.* Holshousen, 17 Tex., 47; Horton *v.* Pace, 9 Tex., 83.)

III. The application and file actually made in the surveyor's office by appellant, is notice to a subsequent locator, whether he found it in the file book or not. (Ward *v.* Conner, 33 Tex., 566; Morris *v.* Byers, 14 Tex., 278; McGehee *v.* Chadoin, 30 Tex., 644.)

IV. The court erred in not granting a new trial, as the evidence showed that appellant had made a valid location and entry in accordance with law, and that appellee had constructive notice of it, and the appellee had actual notice of the prior location and entry of appellant at and before the

time he made his location.  (Byrne v. Fagan, 16 Tex., 391;
Wilson v. Williams, 25 Tex., 64; Franklin v. Kesler, 25
Tex., 138.)

V. The evidence of J. J. Groos and copy of Kuechler's let-
ter were competent, and should not have been excluded from
the jury.  (Wilson v. Williams, 25 Tex., 64; Wells v. Fair-
banks, 5 Tex., 582.)

VI. The judgment of the court is not warranted by the
pleadings.

The defendant has no other pleadings than a general de-
murrer and general denial and plea of not guilty, and he is
not entitled to affirmative relief by the judgment of the court
in this statutory action of trespass to try title.  (McKey v.
Welch, 22 Tex., 390; Herndon v. Rice, 21 Tex., 458; Patter-
son v. Goodrich, 3 Tex., 331.)

*Makemson & Fisher*, for appellee.

I. Did appellant, at the time of location and survey of ap-
pellee's certificate, have a valid file or survey?

There must have been either a written file or entry desig-
nating the land, which file or entry must have been made at
the office of the surveyor, and recorded in the file or entry
book belonging to the surveyor's office; or, in the absence of
this written file or entry, the appellant must have gone upon
the land and designated it, and have had it surveyed prior to
the intervening file or survey of appellee.  (Paschal's Dig.,
4573; Ward v. Conner, 33 Tex., 549; Fowler v. Hilburn, 21
Tex., 490; Hollingsworth v. Holshousen, 17 Tex., 43, 44;
Lewis v. Durst, 10 Tex., 416.)

II. The court erred in its charge to the jury on the question
of notice, and on the legal effect to be given to the patent.

1st. If appellee had notice, either actual or constructive,
of a prior file or location made by appellant upon the land in
controversy, then the judgment should be reversed.  If not,
then, so far as this proposition is concerned, it should not.
(Lewis v. Durst, 10 Tex., 415, 416; Guilbeau v. Mays, 15

Tex., 416, 417; Danforth *v.* Wear, 9 Wheat., 673; Matson *v.* Hord, 1 Wheat., 130; Johnson *v.* Pannel, 2 Wheat., 206; Garnett *v.* Jenkins, 8 Pet., 75; Weir *v.* Van Bibber, 34 Tex., 229.)

2d. A patent is *prima-facie* evidence of title, and raises the presumption that all necessary steps have been taken to procure a patent, viz., a valid certificate, a proper file, a proper survey, and that the field-notes were recorded and returned to the General Land Office within twelve months.

It does not imply that the party's right claiming under it commenced back of the date of the patent; and if it becomes necessary to show a right anterior to that date, the party claiming under it must show how and when the right really attached. (Carter *v.* Spencer, 4 How., (Miss.,) 56; Surget *v.* Doe, 24 Miss., 118; Griffith *v.* Deerfelt, 17 Mo., (Bennett,) 31; Minter *v.* Shirley, 45 Miss., 376.)

3d. We respectfully submit the following as the law: First, the entry, to be valid, must be made in writing, describing particularly the land sought to be located, which entry must be made at the office of the surveyor, and recorded in the file or entry book kept by the surveyor for that purpose, and must be accompanied with the file of the certificate or scrip; or, second, if made without entry, it must be followed by a survey prior to the entry or location of any other certificate by some other person. (Paschal's Dig., art. 4576; Ward *v.* Conner, 33 Tex., 545.)

III. The only questions—priority of location and of notice—were questions of fact, to be passed upon by the jury; and if there was a conflict of testimony, the jury had the right to reconcile the conflict, and give credit or weight to that portion of it that they saw proper. (Merriwether *v.* Dixon, 28 Tex., 19; Montgomery *v.* Culton, 23 Tex., 156; Baldridge *v.* Gordon, 24 Tex., 288; Anderson *v.* Anderson, 23 Tex., 641; Cummings *v.* Rice, 19 Tex., 226; Alley *v.* Booth, 16 Tex., 94; Chevallier *v.* Denson, 8 Tex., 439.)

ROBERTS, CHIEF JUSTICE.—Appellant was the plaintiff in the suit of trespass for the trial of the title to the land in controversy. Appellee, the defendant below, plead not guilty. Plaintiff's claim rested on two propositions of fact, as shown by the evidence stated in the briefs of both of the parties in advancing the case, upon which there was no material difference between them.

1. That plaintiff made a valid file upon the land before the file of defendant, McGehee.

2. If his file was irregular and not complete, it was substantially sufficient, because McGehee was put upon notice of it at the time he made his file subsequently.

Under the first proposition of fact, the evidence as stated showed certainly that defendant made a file on the 17th of April, 1868. But as to the file of plaintiff having been previously made, when it was claimed to have been made, to wit, on the 13th of May, 1867, or at any time previous to defendant's file, there was a direct conflict of evidence,— Cowan, the surveyor, swearing that it was entered in the file book kept by him, and another witness swearing that it was not in the book previous to the defendant's file, supported in a degree by several others.

Upon the second proposition of fact, Cowan swore that plaintiff's agent made a verbal designation of the land to be surveyed, pointing it out on the county map, and he (Cowan) entered it in his file book, which he kept for the purpose, the county not then having furnished him with a file book or an office; and that when the defendant's agent, his son, made his file afterwards, he told the agent, and sent word to the defendant, about the previous file of plaintiff having been made. On the other hand, said agent of defendant swore that no such information was given or sent; that the file book referred to was examined and no such file was found; that the surveyor said the land was not then filed on; and this was supported by another witness, who then and there

examined the book with the agent, and stated that no such file as that of plaintiff was then in the book.

It was proved that plaintiff's survey was made a few days after the date of defendant's file, to wit, on the 23d of April, 1868; and defendant's patent issued for the land in 1872. The land sued for and claimed by the plaintiff was covered by the defendant's file and patent. It is unnecessary to mention other incidental facts pertaining to the validity of the respective claims on each side.

It was evident, that, under this conflict of evidence, this court could not reverse the judgment rendered in favor of defendant, upon the ground that the verdict was contrary to, or not supported by, the evidence. Therefore, the appellant, in making the brief upon which to advance the case, selected the assignments of error relating to errors of the court, in refusing the charges asked by the plaintiff, in giving the charge that was misleading, in excluding the evidence, and in rendering the judgment under which the propositions were made; and the subjoined facts, and other matters of record, were stated.

The third assignment of error, first presented, is that "the court erred in refusing the instructions asked by appellant," under which two propositions were set forth.

"First proposition: The verbal designation of the land appropriated, made by the appellant to the proper surveyor, and the indorsement by the surveyor at the time on the certificate, and writing the application, or a full memorandum of it, in his book of files and entries, is as valid, if accompanied by the deposit with the surveyor of the land certificate at the time, and has the same effect as to notice to third parties, as an application and designation in writing signed by the party, and recorded in such file book, would be." That is a correct proposition only upon the hypothesis that such book was kept in the office of the surveyor as prescribed by the statute of 1856, so as to be accessible to those who might desire to make a file on the same land. And in the absence of there being

a surveyor's office in which said book was kept, a person subsequently making a file upon the same land should be put upon notice in some way or other, which alternative is not embraced in the proposition; and neither one of the qualifying facts here brought to view is contained in the statement of facts made under and in support of this proposition. The statement under this proposition should also have contained the substance of any charge that was given on this subject, or if none was given, that fact should have been stated, so as to have shown that it was not unnecessary for this charge to have been given.

"Second proposition under the third assignment: Although the previous entry was not made on the surveyor's book, yet the lawful surveys made under these valid certificates will give a superior right to that acquired by another party, by virtue of a patent junior in date to such survey, unless the patentee can show a valid location or survey prior in date to the unpatented survey."

There is a mistake in the charge, quoted in the statement under and in reference to this proposition, wherein it says "unless the claimant of the patented land could show a location or survey;" the charge in the record says "location and survey,"—which is, as thus corrected, not a proposition that can be legally maintained; for if there was a prior location without a survey, and the patent issued for the land thus located, it should be presumed, unless the contrary appeared, that there had been a survey, pursuant to said location, which authorized the patent to be issued. The said statement contains the evidence for and against the fact of the existence of a file made by or for plaintiff in the file book previous to the file of the defendant, and for and against the fact that any notice of such file was given to the defendant when his file was made. It contains also a relation of facts, taking it for granted, that defendant's file was made on the 17th of April, 1868, a few days before the survey of plaintiff was made, 23d of April, 1868. Therefore, this second proposition, as cor-

rected from the record, is not supported by the statement of facts subjoined to it.

The next assignment of error, under which there is a statement of matters in the record, is the fifth, which is, that "the court misled the jury in its charge;" and under which there is a "proposition," to wit: "The application and file actually in the surveyor's office, made by appellant, is notice to a subsequent locator, whether he found it in the book or not."

Under this, the statement contains two charges given by the court, and refers to the facts stated under the two propositions that have already been noticed.

The first quoted was, in substance, that if the defendant found no entry of plaintiff's file, and had no notice of it, "and made his file, in point of time, in the office of the surveyor, before that of the appellant was made of record, the appellee is entitled to a verdict."

This charge is certainly not in opposition to the proposition under consideration; for it requires, in order to find for the defendant, not only that he should not have had notice of appellant's previous right, but also that there should not have been of record a file of plaintiff when defendant made his file. Nor was that charge calculated to mislead the jury in reference to the evidence stated under the first and second propositions under the third assignment; for that evidence shows that the main matters in controversy on the trial, as exhibited by the evidence, were: Did defendant have notice of any such previous file of plaintiff, and was it true in point of fact that any such file was made of record in the file book, before the defendant made this file?—to both of which issues this charge was responsive.

So with the second charge quoted, which relates to the priority of the files, and submitted to the jury, in substance, that if the book called the file book was the book in which both the files of plaintiff and defendant were made, and it was in the office, open for inspection, they might consider the entries for plaintiff and defendant as there found, in

point of time, in connection with the other evidence, in ascertaining which location and appropriation was first made. This is not opposed to this proposition; nor is it otherwise than that which should have been given upon the leading issue made by the whole of the evidence on the trial, as exhibited in the briefs of both of the parties.

The seventh assignment of error was, that "the court erred in its rulings on the evidence," under which two propositions were presented, as follows, to wit:

"First proposition: The evidence of J. J. Groos was competent, and should not have been excluded from the jury."

The statement under this contains the evidence of Groos, in his depositions, as shown by a bill of exceptions, to the effect that he was Commissioner of the General Land Office; that there were certain entries, certificates, and letters in his office showing a conflict in the location; and that of plaintiff was the first; and that he, as well as his predecessor, had written to the defendant to return his patent for cancellation; and that he was of the belief that the patent was improperly issued,—which evidence was objected to, on the ground that it was merely the opinion of the witness, which objection was sustained by the court. The objection did not embrace all that the depositions contained. But the opinion of the witness was clearly inadmissible, and the matters stated by the witness as being in his office, as the foundation for that opinion, were obviously incompetent evidence to prove the facts recited. Nor does it appear that they were offered in evidence, separated from their connection with the opinion objected to; and if they had been, their exclusion would not be error, either with or without an objection. The certified copy of Kuechler's letter, referred to in the second proposition, was also incompetent, and would have amounted to nothing more than an opinion of the commissioner who wrote it.

We are of opinion that it was not error to exclude the depositions of Groos or the letter of Kuechler. If they had

been admitted, they could not have destroyed, or even weakened, the legal effect to be given to the patent that was issued to the defendant.

The eighth assignment of errors is, that " the judgment of the court is not warranted by the pleadings."

It is an ordinary action of trespass to try the title to the land, with a plea of not guilty, and the verdict being for the defendant, a judgment was rendered that the plaintiff take nothing by its suit; to which is added, that defendant be quieted in his possession of the land mentioned in plaintiff's petition, (describing it,) and that defendant have and recover of and from the plaintiff all right, title, and interest in and to said land. This addition is superfluous, and, being understood in reference to the nature of the suit in which it is rendered, cannot be held to have the effect to prevent a second suit by the plaintiff for the same land, under the statute; because it has reference only to the result and immediate legal consequence of this suit, and contains no decree of injunction restraining plaintiff from any future action, such as might be rendered in a suit in equity to quiet the title to the land. Nor can it be construed by implication to have any such legal effect. It can have no further effect than a declaration of record, that upon this trial the plaintiff showed the better title, and shall be left in possession of the land, actual or constructive; which is not inconsistent with the verdict of the jury, though unnecessary and inoperative for any purpose beyond the defeat of the plaintiff in this suit. (Blessing *v.* Edmonson, *supra*, 333.)

The general principles of law relating to the validity and priority of locations and surveys, and the legal effect of patents, are well settled by the decisions of this court; and there are no peculiar features in this case that call for a discussion of them. (Lewis *v.* Durst, 10 Tex., 415; Gilbeau *v.* Mays, 15 Tex., 416; Ward *v.* Conner, 33 Tex., 549; Hollingsworth *v.* Holshousen, 17 Tex., 49; Pitts *v.* Booth, 15 Tex., 456.)

See the laws of 1837 and 1856, concerning designations, files, and surveys.   (Paschal's Dig., arts. 4526, 4573–75.)

We are of opinion that no such errors in the charge of the court, given or refused, and in the rulings of the court upon the evidence, as are presented for our consideration, will require the reversal of the judgment.

Judgment affirmed.

AFFIRMED.