CARY v. EDMONDS, *Appellant.*

**Adverse Possession:** FORCIBLE ENTRY AND DETAINER. A forcible entry upon the actual adverse possession of another, followed by an unlawful detainer, does not interrupt the adverse possession, if an action for the forcible entry and detainer is commenced within a reasonable time and prosecuted to a successful termination. (Following *Ferguson v. Bartholomew,* 67 Mo. 212.)

*Appeal from Carroll Circuit Court*—HON. E. J. BROADDUS, Judge.

REVERSED.

*L. H. Waters* for appellant.

*Hale & Eads* for respondent.

NORTON, J.—This is an action of ejectment begun in the circuit court of Carroll county on the 29th day of October, 1875, for recovery of the possession of southwest quarter of southeast quarter of section 12, township 55, range 23. The petition alleges that defendant, on the 26th day of October, 1875, entered into possession of the said premises and unlawfully withholds the same from plaintiff. The defendant in his answer denies that plaintiff was the owner or entitled to the possession of said land, and avers that he was rightfully in possession thereof under claim of title. On the trial plaintiff obtained judgment, from which the defendant has appealed, and relies for a reversal thereof on the alleged error of the trial court in refusing to give the following instructions :·

2. If the defendant was in the adverse possession of the land in question, under claim and color of title, and plaintiff forcibly entered into and detained the same; and if within a reasonable time after such entry by plaintiff, the defendant brought his action for forcible entry and detainer, and in said action recovered the possession of said premises, then the defendant may connect the possession

had by himself and the possession of plaintiff had during such unlawful detainer, and if such possessions when united amount to two years uninterrupted adverse possession before the commencement of this suit, then the plaintiff cannot recover.

3.  The plaintiff, under the allegations in his petition, is not at liberty to insist or prove that he was in the possession of the premises in question during any portion of the time he alleges that defendant has withheld the same from him.

4.  A forcible entry upon the actual adverse possession of another, followed by an unlawful detainer, does not interrupt such adverse possession, if an action for forcible entry and detainer is promptly commenced and prosecuted, to regain the possession so detained, to a successful termination.

5.  On the pleadings in this case the judgment should be for the defendant, and the court so finds.

6.  The judgment in the forcible entry and detainer case which was read in evidence is *prima facie* evidence that from the time the case was commenced until said judgment, the defendant in that case, who is the plaintiff in this, was guilty of withholding the possession of said premises from the defendant, and if he so held the possession for more than two years before the commencement of this suit, and if during such time Edmonds claimed said land and the said possession under color of title, then plaintiff's action is barred.

It appears from the evidence offered by plaintiff in support of his title that the land sued for is military bounty land, and that it was patented by the United States to one Peyton Randolph, whose title by various *mesne* conveyances was transferred to plaintiff: that one Weathers, who was the immediate grantor of plaintiff, built a cabin on the premises in 1858, or 1859, and the following spring inclosed about five acres, and that the house was occupied for several years afterward; that in 1868 the cabin dis-

appeared, and the fence the year before. Defendant on his behalf read in evidence a bond for a deed to the land in question executed to him on the 18th day of July, 1870, by J. H. Baker and George Keiffer, and also evidence tending to show that he went into possession of said land, claiming under the said bond, in July, 1870, and commenced an improvement thereon by plowing and setting posts for a fence; that plaintiff, in the spring of 1871, forcibly entered into possession thereof and held the same till October, 1875, when he was ousted by an execution, which issued on a judgment rendered in defendant's favor in a forcible entry and detainer proceeding instituted by defendant against plaintiff, and defendant was put in possession. The defendant also offered in evidence the complaint and judgment in the said forcible entry and detainer suit in his favor against plaintiff, the execution which issued thereon and the sheriff's return, and also an order allowing an appeal from said judgment to this court and the mandate of this court affirming the same.

The land in suit being military bounty land, under the statute of limitations applicable to suits brought for the recovery of such land, an open, notorious and continuous adverse possession thereof, under claim and color of title, for two years before suit brought, bars a recovery even against the true owner. And the only or main question presented in the case is whether a forcible entry upon the actual adverse possession of another, breaks or destroys the continuity of such adverse possession, in a case where the person whose possession has thus been entered upon, in a reasonable time thereafter commences an action of forcible entry and detainer to regain the possession of which he was forcibly deprived, and prosecutes such action to a successful termination. This identical question was considered in the case of *Ferguson v. Bartholomew*, 67 Mo. 212, and was answered in the negative, the court expressly holding that "if the owner of the land wrest the possession by force from the adverse occupant, when resti-

tution is made by law, the period during which the forcible possession was held by the owner will be added to and become a part of the adverse possession of such occupant." The defendant in this case was entitled to the benefit of this principle, and the court erred in not according it to him, by refusing to give the second and fourth instructions asked by him.

We perceive no error in the refusal of the third and fifth instructions. Judging from the brief of defendant's counsel, these instructions must have been asked under a misapprehension as to what is alleged in the petition. It is stated in the brief that the suit was commenced in October, 1875, and that the petition alleges that defendant entered into possession of the premises in October, 1871, and that as the petition shows on its face an adverse occupancy by defendant of four years, two years occupancy more than sufficient to bar a recovery, these instructions should have been given. Upon an examination of the petition we find the entry is charged to have been made in October, 1875, and hence the argument in support of the instructions refused falls to the ground. Judgment reversed and cause remanded, in which all concur.