No. 2310.

## JOHN J. FRENCH ET AL. *v.* OLIVE & STERNBERG.

TRESPASS TO TRY TITLE—EVIDENCE—JUDGMENT.—When in trespass to try title the plaintiff fails to show title in himself, errors committed by the court in admitting improper evidence to establish defendant's title are immaterial and will not be considered on appeal. In such a case the defendant is entitled to a judgment conclusive against the claim of the

plaintiff, and such is the effect of a judgment in the usual form, "that the plaintiff take nothing by his suit," etc. If to this, the judgment should contain a clause removing cloud and quieting defendant's title to the premises sued for, it adds nothing to the force of the usual entry, and is not error.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

*Tom J. Russell,* for appellants.

*Douglass & Lanier,* for appellees.

GAINES, ASSOCIATE JUSTICE. The appellants, who were plaintiffs in the court below, set up title to the land in controversy, by virtue of the statute of limitations of five years. The cause was tried without a jury, and the judge's special findings of law and fact do not appear in the record. The evidence disclosed in the statement of facts shows that appellants wholly failed to make out their case in one essential particular. In our opinion their evidence was not sufficient to show a payment of taxes for the term of five years. They claimed that the title was perfected by virtue of the adverse possession of one R. S. Holland, who held under a deed from the tax collector of Jefferson county, dated in 1850, which county then embraced the land now in controversy. Holland's possession extended, it seems, over a period of eight years, beginning about the year 1850. A certified copy of the tax rolls was produced for the years from 1851 to 1858, inclusive. All the rolls showed that the land was assessed to Holland. Upon each of the rolls for the first three years was written the word "paid" opposite the assessment in question; but this did not appear upon the roll for any subsequent year. A witness testified that the tax collecter of Jefferson county for 1852, and for several years afterwards, was one Worthy Patridge, and that he was often with Patridge when he was collecting taxes, and that it was his invariable custom, when taxes were paid, to give a receipt and to write the word "paid" in a blank column of the roll, opposite the assessment. This may be evidence to show that the taxes were paid by Holland during the first three years. But, if this be so, it does not show any payment for the subsequent years. On the contrary, it tends rather to repel that conclusion. There being no other evidence intro-

duced to establish this essential fact, the court was authorized to give judgment for the defendants.

But defendants introduced their chain of title, and the court adjudged, not only that plaintiffs take nothing by their suit, but also that their claim upon the land was removed as a cloud upon defendant's title and, defendants forever quieted in their right. There are several assignments of error, complaining of the action of the court in admitting evidence over appellants' objection, offered by appellees in proof of their title. We think it unnecessary that these should be considered. If the court erred, the error was immaterial. When appellants failed to make out their case it was a matter of no concern whether appellees could show any title or not. They were entitled to a judgment forever conclusive of all claim of appellants to the premises in controversy. This would have been the effect of an entry in the usual form, that the plaintiffs take nothing by their suit, etc. The additions, removing cloud and quieting defendants' title, added nothing to the former part of the judgment. (H. & T. C. R'y Co. v. McGehee, 49 Texas, 481; Blessing v. Edmondson, Id., 339.) Appellees have been adjudicated that to which they were entitled by reason of appellants' failure to establish their title, and no more.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 18, 1887.