COYLE v. FRANKLIN et al.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1893.)

No. 31.

ADVERSE POSSESSION—WHAT CONSTITUTES—POSSESSION BY TENANT.

Possession by a lessee is continuous, peaceable, adverse possession, in favor of the lessor, as against third persons, within Rev. St. Tex. art. 3193, making such possession for five years a bar to recovery of real estate, although the lessee repudiates the tenancy, and attorns to a third party, where the lessor institutes suit against the lessee, and recovers possession therein.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action of trespass to try title by W. M. Coyle against Joseph Franklin and others. Judgment for defendant Franklin. Plaintiff brings error. Affirmed.

E. B. Kruttschnitt, (Francis B. Lee, on the brief,) for plaintiff in error.

S. W. Jones, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The plaintiff in error brought an action of trespass to try title in the circuit court for the eastern district of Texas, against Joseph Franklin, the defendant in error, Joseph Courant, and Albert P. Bush, assignee of the Alabama Gold Life Insurance Company, to recover a certain tract or parcel of land situated on Galveston island, state of Texas. Albert P. Bush entered a formal disclaimer. The suit was dismissed as to Joseph Courant. Franklin, defendant in error, pleaded (1) not guilty; (2) the statute of limitations of three years; (3) the statute of limitations of five years. The parties, by written stipulation, waived trial by jury, and the case was submitted to the court. The court found the following conclusions of fact and law:

"The court finds that by and through regular and legal chain of transfer, from and under the sovereignty of the soil, the plaintiff, W. M. Coyle, was at the date of the institution of this suit, September 1, 1890, the owner of the land in controversy, to wit, lot number seventy-five, in section number one, of

Galveston island, according to the map and plan and survey of said island, and containing about 14½ acres of land, unless the defendant Joseph Franklin is entitled to judgment under his plea of five years' limitation, concerning which the court finds as follows: The said defendant Joseph Franklin claimed title to said property under said plea of five years' limitation, under a tax collector's deed to said Joseph Franklin, fully described in the bill of exceptions taken by plaintiff, said deed being dated July 11, 1878, and filed for record and duly recorded in Book 27, page 514, of the Records of Deeds for Galveston County, which deed the court finds to be a deed duly recorded, within the meaning of the statutes of Texas, for the purpose of said plea of limitation, but not as vesting title by its own force and effect. In May, 1884, said Joseph Franklin engaged one Juneman to fence said property, and Juneman accordingly fenced it, completing the fence in June, 1884. Franklin leased the property to Juneman by written lease, described also in said bill of exceptions, and Juneman occupied the premises under the lease until July 1, 1885, when, failing to make arrangements with Franklin for a continuation of the lease, and having heard that Waul & Walker claimed to own or represent the owner of the lot, June man took a lease from them, (Waul & Walker,) and notified Franklin that he (Juneman) declined to recognize him as landlord any longer, but never vacated the premises until after termination of suit in supreme court of Texas, as hereinafter stated. On August 19, 1885, Franklin sued Juneman to recover possession of the lot, the suit being in the district court of Galveston county, and the proceedings being as shown in said bill of exceptions. In said suit a writ of sequestration was sued out by Franklin, and was levied by the sheriff of Galveston county, who allowed Juneman to remain in possession as keeper under the sheriff, until the termination of the suit. After the suit was determined, Juneman remained in possession until September or August, 1887. The suit in the district court of Galveston county, after judgment by that court, was carried by appeal to the supreme court of Texas, where the judgment was affirmed February 18, 1887. 67 Tex. 415, 3 S. W. Rep. 562. After Juneman quit the premises, September or August, 1887, Franklin took and held continuous possession by other tenants until the institution of this suit. When Juneman left premises, he left in charge of the premises one Peterson, who also had charge of Juneman's horses and cattle. Peterson turned over possession to Appell, a tenant of Franklin, who remained in possession to the time of filing suit. Franklin paid all taxes on the property in controversy for the years 1884, 1885, 1886, 1887, 1888, 1889, 1890, and all other taxes thereon. Juneman was a dairyman, and used the lot, while in possession of it, for grazing his cows and horses. Franklin's other tenants used it for the same purpose.

"Conclusions of law by the court on the foregoing findings of fact: The court holds that the defendant Franklin had continuous adverse possession of the property, by and through Juneman, and the other tenants after Juneman, from July 1, 1884, to September 1, 1890, notwithstanding the repudiation by Juneman of his tenancy under Franklin in June, 1885, and the suit by Franklin to recover possession, pending from August, 1886, to February 18, 1887, because Juneman, having gone into possession under Franklin, could not lawfully hold against Franklin, and the possession of Juneman was in law that of Franklin, after, as well as before, the expiration of the lease from Franklin to Juneman, notwithstanding the repudiation by Juneman of his tenancy under Franklin. And the possession and claim of Franklin under the tax collector's deed, and his paying the taxes on said property, complied fully with the condition of the statutes of limitation of five years, as pleaded by Franklin; and he is entitled to judgment accordingly against the plaintiff, which will be so entered."

Judgment being entered in favor of the defendant Franklin, Coyle, the plaintiff, brought the case to this court for review.

The errors assigned present but two questions: (1) Is the tax collector's deed to Joseph Franklin, the defendant in error, for the property in controversy, such a deed as will, under article 3193 of the Revised Statutes of Texas, support the plea of five years' limitation?

(2) Was the attempted attornment by Franklin's tenant to another after the expiration of his lease, July 1885, and the litigation between Franklin and his tenant for the possession of the property, which shortly followed, and which resulted in favor of Franklin, an interruption of the continuity of Franklin's possession, begun in June, 1884, so as to defeat his plea of five years' limitation under the statute in this action, brought by a third party against him for the recovery of the land?

The sufficiency of Franklin's deed to support the plea of five years' limitation is admitted by counsel for plaintiff in error in his oral argument, and it is fully shown by the principles declared in the following adjudged cases: Wofford v. McKinna, 23 Tex. 43; Flanagan v. Boggess, 46 Tex. 335; Fry v. Baker, 59 Tex. 405; House v. Stone, 64 Tex. 678; Seemuller v. Thornton, 77 Tex. 156, 13 S. W. Rep. 846.

On the second question we agree with the learned judge of the circuit court, that the defendant Franklin had continuous adverse possession of the property by and through his tenant Juneman, and the other tenants after Juneman, from July 1, 1884, to September, 1890, notwithstanding the repudiation by Juneman of his tenancy in June, 1885. As Juneman went into the possession of the premises as a tenant of Franklin, and neither vacated them nor surrendered them to Franklin, the possession, notwithstanding Juneman's attornment to another, and the litigation which followed between Juneman and Franklin, continued to be Franklin's possession. The controversy between Franklin and Juneman was merely an unsuccessful attempt on the part of the tenant to deny his landlord's title. As the litigation, though lasting some time, was instituted without unnecessary delay after the tenant's denial, and resulted in favor of Franklin, recognizing his possession and ownership from the beginning, his possession was not interrupted thereby, and must be considered as continuous, peaceable, and adverse. The following authorities sustain this position: Peyton v. Stith, 5 Pet. 490; Flanagan v. Pearson, 61 Tex. 306; Scott v. Rhea, 21 Tex. 708; Whitehead v. Foley, 28 Tex. 15; Elliott v. Mitchell, 47 Tex. 445; Blue v. Sayre, 2 Dana, 213; Pleak v. Chambers, 5 Dana, 60; Ferguson v. Bartholomew, 67 Mo. 212; Cary v. Edmonds, 71 Mo. 523. There is no error in the judgment of the circuit court, and the same is affirmed, with costs.