### Frank Pohle v. J. L. Robertson et al.

#### Decided March 6, 1909.

**1.—School Land—Purchase of Additional Land—Occupancy—Statute Construed.**

Articles 4218f and 4218fff, Sayles Civil Statutes, do not require that the purchaser of additional school lands should aver in his sworn application therefor that he is an actual resident upon his home section or "other lands."

**2.—Same—Limitation—Case Followed.**

An award of school land by the Commissioner of the Land Office after it has once been sold and while the sale continues in force, cannot confer upon the second purchaser such title or color of title as will support the three years statute of limitation. The Commissioner has no power to sell while a valid sale subsists. The efficacy of a purchase depends on a compliance with the law and not upon the consent of the Commissioner. Pohle v. Robertson, 102 Texas, 274.

Appeal from the District Court of Howard County. Tried below before Hon. James L. Shepherd.

*Ed. J. Hamner*, for appellant.

*Beall Bros. & McDugald* and *Douthit & Littler*, for appellees.— The law in force under which the applications referred to in these assignments were made, authorized the sale of these lands to actual settlers only, and an application for additional lands under said law, which did not show that the applicant was an actual settler on his home or basic section at the time, did not comply with the law and did not authorize an award thereon. Coates v. Bush, 23 Texas Civ. App., 139; art. 4218f, Acts 1897, p. 184.

Limitation will run regardless of the three years occupancy in favor of a purchaser and occupancy of State school lands, against one having the right of action of trespass to try title. Parker v. Brown, 80 Texas, 557; Browning v. Estes, 3 Texas, 476; Robertson v. Wood, 15 Texas, 5; Curtain v. Gov., 149 U. S., 662.

SPEER, Associate Justice.—This is an action of trespass to try title instituted by appellant against appellees to recover three sections of State school land in Howard County. The defendants pleaded, in addition to the general issue, the statutes of three and

five years limitations. There was an instructed verdict for the defendants and the plaintiff has appealed.

The appellant, who claims the land under a conveyance from Drew Pruitt, offered in evidence the application, affidavit and obligation of said Pruitt to purchase the land from the State, and these instruments were excluded upon the objection that the applications did not show the applicant was an actual settler upon his basic section. The sworn application did show that the applicant was the owner of his basic section, naming it, "heretofore purchased from the State and occupied for three consecutive years as required by law, proof of which has been sent to the Land Office . . . and that I am not acting in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person or corporation is interested in the purchase save and except myself." In excluding this testimony upon the objections made we think the court erred. By article 4218f, Sayles' Texas Civil Statutes, regulating the sale of public free school lands, it is provided: "Any bona fide purchaser who has heretofore purchased or who may hereafter purchase any lands as provided herein, shall have the right to purchase other lands in addition thereto; provided that the total of his purchases shall not exceed four sections and that it shall not include more than two sections of agricultural land, upon his making oath that he is not acting in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person or corporation is interested in the purchase thereof. And if he or his vendor has already resided upon his home section for three years, or when he or his vendor, or both together, shall have resided upon it for three years, the additional lands purchased may be patented at any time." It is further provided in article 4218fff that: "Any actual bona fide owner of and resident upon any other lands contiguous to said lands or within a radius of five miles thereof, may also buy any of the aforesaid lands, but in such case a failure to reside upon either his other lands or upon a part of the additional lands so purchased by him so as to make his ownership and occupancy thereof continuous for three years, shall work a forfeiture of such additional lands so bought from the State, unless he shall have sold his land to another who may and does complete a three years continuous ownership and occupancy of and residence upon his said lands, as above stated, and as is herein required of actual settlers." So that, however essential it may be that the purchaser of additional lands is an actual resident upon his home section or "other lands," we find nothing in the statutes specifically requiring the applicant for such additional lands to state in his sworn application that such is the fact. The only requirement in this respect is the one first above quoted upon the matter of collusion. Such is the effect of the decision in Ratliff v. Terrell, 97 Texas, 522. For the error of the court in excluding these instruments, as well as the deed from Drew Pruitt to appellant, which latter ruling was based on the former, the judgment of the District Court must be reversed and the cause remanded.

After this cause was originally submitted to us we certified to the

Supreme Court whether or not the title of appellees to the school land in question, setting forth such title, was such title or color of title under the statute, as will give title by limitation of three years, it being admitted on the trial below that appellees had had and held peaceable and adverse possession for more than three years after appellant's cause of action had accrued and prior to the commencement of this suit. A fuller statement of the certificate may be seen by a reference to the opinion of the Supreme Court. Pohle v. Robertson, 102 Texas, 274. That court, not without complaint as to the insufficiency of the certificate, however, answered that "the claim of defendants, assuming the validity of that of plaintiff, does not constitute either title or color of title within the meaning of the statute of limitations." We of course in certifying the question did not state, as indeed we could not, seeing that plaintiff's evidence was all excluded, that plaintiff's title was good or bad, but necessarily we assumed, as did the Supreme Court, that it was good, else we never would have certified the question of limitation at all. If plaintiff's title was for any reason invalid, the question of limitation would not arise.

*Reversed and remanded.*