McALLEN et al. v. CRAFTS et al.

(Court of Civil Appeals of Texas. San Antonio. May 24, 1911. On Motion for Rehearing, June 28, 1911.)

1. ADVERSE POSSESSION (§ 114*)—NATURE—IN GENERAL.

To acquire a prescriptive title to land under the 10-year statute of limitations (Rev. St. 1895, art. 3343), each of the several and statu-

tory requirements must be proved by a preponderance of evidence.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682–690; Dec. Dig. § 114.*]

**2. ADVERSE POSSESSION (§ 60*)—NATURE AND REQUISITES IN GENERAL.**

Where plaintiff in a suit for land secured possession of the same under a writ of sequestration, and held the same for 10 years until plaintiff's suit was dismissed for want of prosecution, that holding did not ripen into a prescriptive right as the land was in custodia legis.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 60.*]

**3. APPEAL AND ERROR (§§ 1050, 1056*)—REVIEW—HARMLESS ERROR.**

In trespass to try title, where plaintiff's only claim to the land was possessory, the exclusion of a deed offered by plaintiff, and the admission of documentary evidence of defendant's title did not prejudice plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 1050, 1056.*]

**4. TRESPASS TO TRY TITLE (§ 47*)—PROCEEDINGS—JUDGMENT—EFFECT.**

A judgment in trespass to try title that plaintiff take nothing by his suit is as effective in defendant's favor as though the land had been expressly adjudged to him.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by John McAllen and others against Rafaela L. Crafts and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded on rehearing.

J. D. Childs, for appellants. J. B. Wells and J. C. Scott, for appellees.

NEILL, J. The appellants, who were plaintiffs below, sued the appellees, defendants below, in trespass to try title to recover 20 acres of land, described by metes and bounds, out of what is designated as the "Severo Garza" labor situated in Cameron county. Appellees answered by pleas of not guilty, and pleaded the 3, 5, and 10 year statutes of limitations. There was much cross-firing between the parties by way of supplemental petitions and answers; appellants on their part seeking to avoid defendants' pleas of limitation by pleading matters in avoidance, and appellees pleading new matter to avoid such matters pleaded in avoidance by their adversaries. But in our view of the case, we deem it unnecessary to make a statement of the matters contained in their supplemental pleadings, as such a statement would serve only to confuse the real issue in the case. There was a trial of the cause before a jury, who were, after all the evidence was introduced by the parties on either side, peremptorily instructed to return a verdict for the defendants; and upon the verdict, returned in obedience to it, the judgment appealed from was rendered.

The first assignment of error complains of the court's refusal to peremptorily charge the jury, at appellants' request, to return a verdict in their favor.

The second assignment is addressed to the action of the court in refusing this special charge: "If you believe from the preponderance of the evidence in this case that the plaintiff, Noberta Garza, by, through, and under whom plaintiffs claim, had fenced, claimed, owned, and held actual, open, peaceable, quiet, undisturbed, and continuous adverse possession of the land sued for, and described in plaintiffs' petition as Severo Garza's labor, cultivating, using, and enjoying the same, or some part thereof for a period of ten years or more prior to the commencement of this suit, then in that event you should return a verdict in favor of the plaintiffs and against the defendants, Rafaela Crafts, John I. Kleiber, Eli Elston, Pilar Leal, for the land sued for, and described in plaintiffs' petition"—requested by the plaintiffs.

The third complains of its peremptorily charging the jury to find a verdict in favor of the defendants.

As these three assignments involve a consideration of the facts and the law applicable to them, they will be considered together; and our conclusions upon them will be determinative of this appeal.

The appellants do not claim title to the land from and under the sovereignty of the soil, but expressly deny that they lay any such claim to the land. Their claim to the premises rests solely upon what they term in their pleadings and briefs a possessory title, acquired through and under the 10-year statute of limitation. If they have not proved such title, it can be a matter of no moment whether appellees proved title in themselves or not.

[1] In order to show that title has been acquired under the 10-year statute of limitation each of the statutory requirements must be proved by a preponderance of the evidence. In other words, it was incumbent upon appellants to show affirmatively that they and those under whom they claim had peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying the same for 10 years prior to the institution of this suit. Article 3343, Rev. Stats. of 1895; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Holland v. Nance, 102 Tex. 177, 114 S. W. 346; Bender v. Brooks (Sup.) 127 S. W. 170; Smith v. Jones (Sup.) 132 S. W. 470. It would require more time than we can give to this opinion to state all the testimony introduced by appellants to prove that they have possessory title to the land sued for. But after reading and thinking over it, we are constrained to the conclusion of fact that it does not tend to show

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that Noberta de Garza, under whom appellants claim possession, did, on or prior to March 4, 1893, have title to the premises under the 10-year, or any other, statute of limitation; and that no rational mind can reach any other conclusion from the evidence than the one we have thus announced.

The present suit was brought on November 14, 1904. Therefore, the plaintiffs not having acquired title to the premises prior to March 4, 1903, it only remains to be seen whether there is any evidence tending to show the acquisition of title by them during the period between that time and the date of the institution of this action.

[2] The evidence shows indisputably that on March 4, 1893, Noberta S. de Garza, at the instance and for the benefit of John McAllen and Salome McAllen, his deceased wife, under whom the other appellants claim, instituted suit in the district court of Cameron county, Tex., against Rafaela L. Crafts, the surviving wife of Welcome A. Crafts, under whom appellees claim title, and John W. Hoyt, the executor of the will of Welcome A. Crafts, to recover the land involved in this controversy, the suit being numbered 1,655 on the docket of said court. Indeed, the appellants in this action allege in their pleadings that that suit was brought by said Noberta de Garza at the instance of Salome and John McAllen. In said cause, No. 1,655, the plaintiff therein, Noberta S. de Garza, alleged that on March 2, 1889, Rafaela L. Crafts, as devisee under the will of Welcome A. Crafts, and John W. Hoyt, as the executor under said will, were in possession of said premises, and refused to deliver such possession to her; as to this, the petition is as follows: "That plaintiff has frequently, before the institution of this suit, demanded possession of said lands and premises, which are of the value of six hundred dollars, and now of the rental value of thirty dollars, and has so been since March 2, 1890; that said defendants are in possession of said lands and premises, and that plaintiff brings this suit for possession thereof, and shows * * * that defendants will make use of their possession thereof to injure said property, and waste and convert to their own use the revenue produced by the same."

Said petition concludes with a formal prayer for judgment for the restitution of the premises sued for, for the rental value of the same, etc., and is sworn to by the plaintiff therein, Noberta S. de Garza, on the day it was filed. On September 13, 1893, Rafaela L. Crafts filed her original answer, consisting of a general demurrer and general denial.

On March 4, 1893, the same day said suit was filed, Noberta S. de Garza, plaintiff therein, filed an application for a writ of sequestration, alleging in her affidavit therefor that defendants in said cause wrongfully detain said property from her, "the possession of which she has a good and lawful right to, and for the recovery of which she has brought suit, and that she fears that said Rafaela L. Crafts and John W. Hoyt, Exec., etc., will make use of their possession to injure said property and convert to their own use the revenues produced by the same, during the pendency of the suit." A sequestration bond then having been executed by Noberta S. de Garza as principal and John McAllen and R. M. Woodhouse as sureties, and duly approved by the clerk, a writ of sequestration was on the same day issued and placed in the hands of the sheriff of Cameron county, Tex. Afterwards, on January 18, 1894, Noberta S. de Garza, the plaintiff in said cause, presented to the sheriff her replevy bond, signed by herself and by the same sureties who signed her sequestration bond, which was approved by the sheriff, and he on the same day, as shown by his return, delivered to the plaintiff in said cause the property in controversy, which is the same that is involved in this suit. Thereafter, on September 11, 1903, said cause, No. 1,655, was by an order of the district court of Cameron county, Tex., in which it was instituted and was then pending, dismissed for want of prosecution at plaintiff's costs. The case was never reinstated.

From such proceedings in such case, it is thus shown that the property was in custodia legis during the pendency of such suit, or at least, from the time the writ of sequestration was sued out until said cause was dismissed by said order of the court. Hence it was impossible for the plaintiffs in this case to have acquired title by possession of the property during the period intervening from March 4, 1893, and November 14, 1894. Therefore, those under whom plaintiffs claim, not having acquired title prior to the time suit No. 1,655 was brought by Noberta S. de Garza for the benefit of John McAllen, plaintiff herein, and his wife Salome, under whom the other plaintiffs claim, against Rafaela L. Crafts, surviving wife of Welcome A. Crafts, under whom appellees claim the land in controversy, and the premises being in the custody of the court during the period of time intervening between its seizure under and by virtue of the writ of sequestration until September 11, 1903, when said cause was dismissed, and the present suit having been brought on November 14, 1904, plaintiffs had no possessory title upon which they could base a recovery.

Since it is conclusively shown by the evidence that plaintiffs in this action had no possessory title upon which they could recover against the appellees, it is needless for us to enter upon a discussion of the question as to whether limitations ran in favor of appellees from the time they were dispossessed by the sequestration proceedings until the

cause in which said proceedings were had was dismissed. But upon such question, some light may be cast by these authorities: Shields v. Boone, 22 Tex. 193; Highsmith v. Ussery, 25 Tex. Supp. 97; Flanagan v. Pearson, 61 Tex. 302; Harrison v. McMurray, 71 Tex. 122, 8 S. W. 612; Coyle v. Franklin, 54 Fed. 644, 4 C. C. A. 538. We, therefore, overrule the first, second, and third assignments of error, and twelfth, which complains that the verdict is contrary to the law and evidence, as well.

[3] The remaining assignments complain of the admission and exclusion of certain evidence referred to in them. In our view of the case, if any of them disclose any error, such error is wholly immaterial and in no way affects the judgment appealed from. To illustrate: since the only title appellants relied on was possessory, they, as they contend themselves, if they had such title, could prove it as well without the deed they offered as with it; and as the case was decided upon the theory that they proved no such possession as would confer title, the documentary evidence introduced, over appellants' objections, by the appellees to show their title, could not affect the case in view of the theory upon which it was decided. Pohle v. Robertson (Civ. App.) 116 S. W. 861.

[4] The land does not "hang as high up on the scales of justice" as appellants' counsel, from his argument in reply to appellees' brief seems to think. Appellants' claim to the land, as is shown from the judgment, has been weighed in the balance and found wanting. Under the decisions of the courts of this state, a judgment in a suit of trespass to try title that the plaintiff take nothing by his suit is as effective in the defendant's favor as though the land in controversy had been expressly adjudged to him. French v. Olive, 67 Tex. 401, 3 S. W. 568; H. & Tex. Ry. Co. v. McGehee, 49 Tex. 482; Land Co. v. Votaw (Civ. App.) 52 S. W. 125; Latta v. Wiley (Civ. App.) 92 S. W. 433.

There is no error in the judgment, and it is affirmed.

### On Motion for Rehearing.

On considering the motion for a rehearing, we have concluded that we erred in holding, as a matter of law, that Noberta de Garza, under whom appellants claim, did not acquire title to the land in controversy, under and by virtue of the 10-year statute of limitation, prior to March 4, 1893. A more thorough consideration of the evidence upon this issue has satisfied us that it should have been submitted to the finding of the jury, and that the court erred in peremptorily instructing a verdict for the defendants. Wherefore, the motion is granted, the judgment of the district court reversed, and the cause remanded for a new trial.