**LOGAN v. CAMBERN et al.**

No. 4856.

Court of Civil Appeals of Texas. Amarillo.

Feb. 14, 1938.

James Spiller, of Panhandle, and K. H. Dally, of Borger, for plaintiff in error.

Lackey & Lackey, of Stinnett, and Newton P. Willis, of Pampa, for defendants in error.

FOLLEY, Justice.

The plaintiff in error, S. J. Logan, who was plaintiff below, filed this suit in the Eighty-Fourth district court of Hutchinson county, Tex., against the defendants in error, Dan Cambern and H. C. Cambern, who were the defendants in the trial court. The parties shall carry their trial court designation.

The suit was an action in trespass to try title and for possession of certain lands, and for foreclosure of a landlord's lien on certain farm machinery. The suit involved the title and possession of two sections of land in Hutchinson county, which land, the evidence reveals, belonged to the plaintiff. Dan Cambern and H. C. Cambern, father and son, first entered possession of the premises in 1930 under a verbal rental agreement between the plaintiff and Dan Cambern. Although Dan Cambern was the contracting party in behalf of the defendants, it was understood that H. C. Cambern was to work part of the land involved through some arrangement with his father. By the first rental agreement, the plaintiff was to furnish all equipment, supplies, and necessaries for farming the land, and the defendants were to furnish the labor. Out of such arrangement the landlord was to receive two-thirds and the tenants one-third of the revenues of the adventure.

This first arrangement continued until 1934 by mutual consent of the parties without the formality of an express agreement between the parties; the defendants merely holding over each year through the implied consent or acquiescence of the plaintiff. In May or June, 1934, a new agreement between the parties was made. This agreement was also verbal. Under this new arrangement the plaintiff was to receive one-third of the revenues of the farms as his rent and another third was to be paid to him to be applied on an indebtedness of $1,833 due him by Dan Cambern for machinery and equipment sold and furnished Cambern either by the plaintiff in person or upon the credit of the plaintiff. The other third of the revenues was to be retained by the defendants.

The new arrangement extended over for the year 1935 by implied agreement or acquiescence of the parties. The revenues of the land for both of these years consisted chiefly of United States government checks under the Federal Farm Program. The indebtedness of Dan Cambern to the plaintiff was reduced during such period to about $1,046.

The plaintiff alleges that he determined this lease on January 1, 1936, but did not notify the defendants until January 29, 1936. Just how he determined the lease is not alleged or shown. He filed his original petition in trespass on July 17, 1936, and an amended petition on October 27, 1936, about the time the cause was called for trial. In these petitions the plaintiff alleged that the defendants held over the leasehold for the year 1935 in the absence of an express contract therefor, but without any objection on his part.

The defendants filed a general demurrer and general denial, a plea of not guilty, and, in addition, filed a cross-action for damages against the plaintiff by reason of certain alleged violations of the agreement by the plaintiff, the substance of which we deem unnecessary to discuss due to the disposition we are compelled to make of this case.

The cause was submitted to the court without the intervention of a jury, at the conclusion of which, the court rendered judgment for the defendants and against the plaintiff, denying plaintiff any of the relief he sought. From such judgment the plaintiff has perfected an appeal to this court.

By an assignment of error the plaintiff attacks the sufficiency of the evidence to support the judgment rendered by the court. After reviewing the record we are of the opinion that the court was unauthorized to render a judgment that the plaintiff take nothing by his suit. This was a suit in trespass to try title which not only asked for an adjudication on the question of possession of the premises, but also as to the right of title to the two sections of land involved. By their plea of not guilty the defendants put the title to the property squarely in issue. The judgment of the court decreed that the plaintiff take nothing by his suit against the defendants, and that defendants "go hence without day and recover all costs," etc. In the case of Houston Oil Co. of Texas v. Village Mills Co., 241 S.W. 122, 127, the Commission of Appeals, in an opinion by Judge Powell, said: "It is, of course, elementary that a judgment, in a suit of trespass to try title, decreeing that the plaintiff take nothing by his suit, is as effective in the defendant's favor as though the land in controversy had been expressly adjudged to the latter."

In a more recent expression from the Supreme Court on this question, in the case of Permian Oil Co. v. Smith et al., 73 S.W.2d 490, 496, 111 A.L.R. 1152, it is said: "The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant."

In the case of Bomar et al. v. Runge, Tex.Civ.App., 225 S.W. 287, 288, writ refused, which was cited by the Supreme Court in the Permian Oil Co. v. Smith Case, supra, we find the following language: "The judgment against the plaintiffs in a suit of trespass to try title is a bar to any suit in the future by them against the defendant for the same land, and, as between the parties, has all the force and effect of a judgment specifically vesting title in the defendant."

In further support of this proposition are the following authorities: French v. Olive, 67 Tex. 400, 3 S.W. 568; Houston & Texas Central R. R. Co. v. McGehee,

960

49 Tex. 481; Latta et al. v. Wiley et al., Tex.Civ.App., 92 S.W. 433; Stark et al. v. Hardy et al., Tex.Com.App., 29 S.W.2d 967; McAllen et al. v. Crafts et al., Tex. Civ.App., 139 S.W. 41; Hoodless et al. v. Winter et al., 80 Tex. 638, 16 S.W. 427; Ewing v. Wilson & Howell, 63 Tex. 88; article 7391, R.C.S. of 1925.

From the above authorities it is apparent that the trial court was without authority to render a judgment which, in effect, decreed the legal title to the premises in the defendants.

■ The judgment of the trial court refused the plaintiff and the defendants any relief for the damages alleged by them. The court does not indicate that the damages alleged by the plaintiff are offset in the judgment by damages alleged by the defendants. We would be permitted to resolve this question in favor of such theory in support of the validity of the judgment had not the judgment recited that none of the parties should take anything on any claim or demand made by such party. It was admitted by the defendants in their pleadings that there was a balance due the plaintiff in the sum of $1,046.95. They sought to offset this amount by damages in excess of such sum. We presume, from defendants' brief, that the theory upon which the court denied the plaintiff recovery for the amount of his debt, was not because plaintiff's claim was offset by defendants' claim, or that plaintiff's claim was invalid, but because of the nature of the rental contract wherein it was agreed that the machinery debt should be paid by proceeds from the rented land. The defendants contend that due to the agreement to apply one-third of the revenues to the machinery debt, the debt can be paid only in such manner, and the suit was prematurely brought since the revenues had been insufficient to liquidate the debt. If this were true, it would have authorized merely a dismissal of the claim until it became due. Instead, the judgment, in effect, denies the existence of a debt and forecloses any future demands in connection with such debt. We certainly cannot agree with the contention of defendants that they are obligated to pay such debt only out of the revenues of the rented land. There is no assertion by any of the parties that the plaintiff agreed to accept one-third of the revenues of the land in 1934 or for any other year in full satisfaction of his claim. Such theory

is refuted by the admission by the defendants that they held over under the same contract for 1935 and applied part of the revenues from the land to the debt in question. At the time of the trial in the lower court the defendants were further asserting the same contract for 1936. Furthermore, there is no contention that the plaintiff was to receive certain crops or chattels in payment of the debt, but merely the proceeds or revenues therefrom. In other words, the parties agreed to sell the crops and apply one-third of the revenues received upon the debt.

■ In 32 Tex.Jur. 668, par. 24, we find the following language: "Where the obligation is to pay in specific articles, not in money, the payment must be made strictly under the terms of the contract; otherwise the liability becomes a money demand. Thus a contract to pay a specified sum in property or cash notes, or services, or out of the earnings of a business, or giving the debtor the option to so pay, becomes an absolute obligation for the payment of money if payment is not made at the time agreed upon."

Further in 32 Tex.Jur. 657, par. 18, it is said: "A creditor is not obliged to accept property in payment of his debt, unless the contract so provides. But of course payment may be made in property or services where the parties so agree. An obligation to pay in property or services becomes a money demand if payment is not made in accordance with the terms of the contract."

There is no contention that the debt was paid in any manner or from any source, and we think, under the above rule and authorities cited, it was not extinguished by the insufficiency of revenue from the crops to pay the debt, especially in the absence of an express agreement so binding the plaintiff. In this connection we think the court erred in framing his judgment so as to conclude the future rights of the plaintiff for any relief on his claim, which claim the defendants expressly admit as valid in their pleadings. Further, in this connection, we do not wish to convey the idea that it is our opinion that the defendant, H. C. Cambern, is liable in the machinery transaction. We have included both the defendants in our disposition of this matter simply because the pleadings and the briefs of the defendants did likewise. Unless the defendant H. C. Cambern was liable under the contract, and

was a party to it, there was no error in the court's refusal to allow a judgment against him for the balance due on the machinery. As to the claims of the defendants against the plaintiff, in view of the conflicting evidence thereon, we think the court was authorized to render judgment against them on such claims. However, since the judgment must be reversed, all these matters will be open for further adjudication upon another trial.

 The defendants have filed a motion to dismiss this cause in this court because the questions involved have become moot. We cannot agree with defendants that all of the issues involved in this case are moot, and for that reason the motion to dismiss is overruled. The defendants insist in this motion that they have vacated the premises in question and surrendered possession to the plaintiff. They also allege that the plaintiff allowed them to remove from the premises the machinery upon which the plaintiff asserted a lien. With this statement in the record before us, due to the material change in the status of the situation from the day of the judgment, we deem it unnecessary to discuss the other assignments of error presented by the plaintiff.

For the errors above discussed, the judgment of the trial court is reversed and the cause remanded.